KAHN v. GUMBERTS.

In transactions between a debtor and his creditors which result in a deed of composition, the utmost good faith is required.

The debtor, in such case, professes to deal with all the creditors upon equal terms: hence, if he induces one of them to assent to the arrangement by giving him a secret preference over the others, he is guilty of fraud in obtaining the composition deed.

It is a general rule, that an agreement cannot be made the subject of an action, or set up as a defense, if it can be impeached on the ground of dishonesty, or as being against public policy.

Hence, a creditor thus deceived would have a right to consider the contract rescinded, and to sue on his original demand.

*Tuesday,
November 24.*

APPEAL from the *Vanderburgh* Court of Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, brought an action against *Kahn*, upon a promissory note for the payment of 478 dollars. The note was payable to *Kahn, Reindskopf, & Co.*, and by them assigned to the plaintiff.

The answer to the complaint is substantially as follows: *Kahn*, being indebted and unable to pay, proposed to his creditors at *Cincinnati*, including the payees of the note in suit, a compromise. Thereupon, the creditors appointed a committee to visit *Evansville*, where *Kahn* resided, to examine into his business. Having made such examination, the committee entered into a written agreement with *Kahn*, whereby he agreed to pay 50 per cent. on the demands against him, part in cash, and the residue at four and eight months, with security. This agreement was to be submitted to the creditors for approval or rejection. And being reported to them, they gave their assent to it in writing, and transmitted such written assent to one *Jaques*, their agent at *Evansville*, with instructions to settle with *Kahn* according to the terms of the agreement. *Kahn*, pursuant to the settlement, paid *Jaques*, the agent, 12 and one half per cent. upon 50 per cent. of the note sued on, and for the residue, gave his notes, with security, at four and eight months. After this, *Gumberts*, the assignee and plaintiff, was notified that the money and notes so paid and

given, were in the hands of *Jaques*, subject to his, plain-
tiff's order, and, for himself, he then agreed to the settle-
ment, and promised to take said money and notes.

The plaintiff replied, admitting the facts stated in the
answer, and setting up new matter in avoidance. The
reply avers that the assent of *Kahn, Reindskopf & Co.*,
to the arrangement to take 50 per cent. on their claim, was
given upon the condition that all the other creditors of
*Kahn* should come into the same arrangement, and take
the same per centum. That when they assented to the
agreement, the firm of *R. W. Boothe & Co.*, of *Cincinnati*,
was a creditor of *Kahn*, and that he, *Kahn*, procured them,
*Boothe & Co.*, to sign the aforesaid written assent, by
fraud, by paying them more than 50 per cent. on their
claim, in fraud of the rights of the other creditors, and
without their consent or knowledge.

The defendant demurred to the reply; but his demurrer
was overruled. Proper issues being made, the case was
submitted to a jury, who found specially as follows:

1. That the firm of *R. W. Boothe & Co.* was a creditor
of the defendant when *Kahn, Reindskopf & Co.* assented
to the agreement of compromise.

2. That the defendant did pay *R. W. Boothe & Co.* 100
dollars in money, and a gold watch worth 100 dollars, in
consideration of their assent to the agreement.

3. That the money and watch so paid, exceeded in value
50 per cent. on the claim of *Boothe & Co.* against the de-
fendant; and that the same was paid without the consent
or knowledge of the other creditors.

The jury also found a general verdict in favor of the
plaintiff for the amount of the note and interest. Motion
for a new trial denied, and judgment on the verdict.

It has been repeatedly decided that, if a creditor who
signs a composition deed, and thereby induces other cre-
ditors to sign it, makes a private bargain with the debtor,
the effect of which is to place himself in a better situation
than the other creditors, he thereby commits a fraud upon
them, and the bargain is void. *Lewis* v. *Jones*, 4 B. and C.
511.—Burrill on Assignments, 136. Mr. STORY says that,

"such secret bargains are not only deemed incapable of being enforced or confirmed, but money paid under them is recoverable back, having been obtained against the clear principles of public policy." 1 Story's Eq. Jurisp. p. 372, s. 379. But the question to settle in this case is, does such bargain render the composition itself void, so as to enable a creditor who signed it in good faith to recover on his original demand?

In transactions between a debtor and his creditors which result in a deed of composition, the utmost good faith is required. The debtor professes to deal upon equal terms with all the creditors who enter into the settlement, and they are supposed to stand in the same situation. This, then, being the principle upon which the compromise rests, it would seem to follow that the debtor, when he induces one creditor to assent to the arrangement by giving him a secret preference over other creditors, is guilty of a fraud in obtaining the composition deed; because it must be presumed that such other creditors, had they known of such secret preference, would not have assented to the composition. And it may be stated as a general rule, that an agreement cannot be made the subject of an action, or set up as a defense, if it can be impeached on the ground of dishonesty, or as being against public policy. How stands the case at bar? Here, the debtor, in effect, proposed to deal with all his creditors on equal terms. They assented to the proposition. But in the meantime, he had a private agreement with one of them, whereby he placed that one in a better situation, in respect to his claim, than the other creditors; and by that means obtained the deed set up in the answer. There is, it seems to us, no reason why any creditor thus deceived should not have the right to consider the contract as rescinded, and sue on his original demand. Under the facts of this case, no other conclusion can be indulged, unless we assume the untenable position, that a party who obtains a deed by fraud, may rely on such deed in defense of an action. We are, therefore, of opinion that the demurrer was correctly overruled,

and that the judgment is fully sustained by the special finding of the jury.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

J. G. *Jones*, and J. *Blythe*, for the appellant (1).

C. *Baker*, for the appellee (2).