Adin Partridge & another *vs.* Loren S. Messer.

A deed of composition, which one creditor is induced to sign by the payment of money, is no bar to an action on the debt of another creditor who signs it without knowledge of such payment.

Action of contract. The parties agreed that the defendant was liable for the debt sued upon, unless it was discharged by a composition deed by which the plaintiffs and other creditors of the defendant, in consideration of twenty per cent. of their respective debts to be paid by him to them within thirty days, agreed to discharge their debts, and that this agreement, upon such payment, should operate as a present discharge. But the defendant, to procure the signatures of some of his creditors, paid them more than twenty per cent. of their claims, without the plaintiff's knowledge; and the plaintiffs therefore brought this action for the balance of their debt.

*M. G. Cobb*, for the plaintiffs.

*A. V. Lynde*, for the defendant, cited Chit. Con. (8th Amer. ed.) 747; *Milliken* v. *Brown*, 1 Rawle, 397; *Brooks* v. *Keith*,

Partridge & another *v.* Messer.

2 Met. 283 ; *Norman* v. *Thompson*, 4 Exch. 755 ; *Breck* v. *Cole*, 4 Sandf. 86.

METCALF, J. The payment of money by the defendant to some of his creditors, to induce them to execute the deed of composition, was a fraud on the plaintiffs and on all the other creditors who executed that deed without knowledge of such payment. And if the defendant, instead of paying money to induce creditors to execute the deed, had made a contract with them to pay it, such contract, in however solemn form it might have been made, never could have been enforced by them against him. *Case* v. *Gerrish*, 15 Pick. 49. *Ramsdell* v. *Edgarton*, 8 Met. 227. Addison on Con. (2d Amer. ed.) 138, 139. Or if he had given them a negotiable note for the sum agreed to be paid to them for executing the deed, and they had indorsed it to a *bona fide* holder to whom the defendant had been compelled to pay it, he might have recovered back from them the amount so paid by him. *Smith* v. *Cuff*, 6 M. & S. 160. *Horton* v. *Riley*, 11 M. & W. 492. See also *Alsager* v. *Spalding*, 6 Scott, 204, Arnold, 181, and 4 Bing. N. C. 407. All the creditors, who execute a deed of composition by which they agree to discharge their debtor on receiving a ratable proportion of their dues, are presumed to do it upon the understanding that they are all to receive the same proportion ; and any private agreement for securing to one or more of those creditors a greater proportion than the others are to receive is a fraud on the others. *Leicester* v. *Rose*, 4 East, 380. *Fawcett* v. *Gee*, 3 Anst. 910. *Ex parte Sadler*, 15 Ves. 52. 1 Story on Eq. §§ 378, 379. *Breck* v. *Cole*, 4 Sandf. 83, 84. " These agreements for composition," says Chief Justice Best, " require the strictest good faith. If I see a man, acquainted with the circumstances of the debtor, agreeing to sign a paper, under which he is to be satisfied with 10*s.* in the pound, I conclude he has exercised a judgment on the subject. Am I not cheated, if he procures another to give him 10*s.* more ? The principle to be extracted from all the cases on this subject is, that a man who enters into an engagement of this kind is not to be deceived." *Knight* v. *Hunt*, 5 Bing. 433, 434. See also *Howden* v. *Haigh*, 11 Ad. & El. 1038, 1039.

And surely the plaintiffs in the present case were no less de-ceived by the act of the defendant himself, in paying to some of the creditors a greater sum than that agreed on in the deed of composition, than they would have been by his procuring an-other person to pay or secure such greater sum.

We have now to decide whether the release or discharge given to the defendant, by those who executed the deed of composi-tion, can be avoided by the plaintiffs, and they be allowed to maintain an action against him on their original claim, by rea-son of the payment made by him, without their knowledge, to procure some of his creditors to become parties to that deed. And it seems to us that the principles on which the cases al-ready cited were determined lead conclusively to the result, that the plaintiffs have a legal right to avoid that release.   They executed it upon an understanding, presumed by law, that all the parties to it were to receive an equal proportion of their de-mands.   In this they were deceived by a private transaction, which was a fraud on them.   An agreement procured by fraud may be avoided by him on whom the fraud is practised; he by whose fraud the agreement is procured not being permitted to set up the agreement as a defence against him whom he has de-frauded.   We are therefore of opinion that the plaintiffs are entitled to judgment.   The supreme court of Indiana recently rendered judgment for a plaintiff in a case which cannot be dis-tinguished from this.   *Kahn* v. *Gumberts*, 9 Ind. 430.   See also *Spooner* v. *Whiston*, 8 Moore, 580, *Mallalieu* v. *Hodgson*, 16 Ad.. & El. N. R. 689, 715 and *Turner* v. *Hoole*, Dowl. & Ryl. N. P 27.                                        *Judgment for the plaintiffs*