EVANS ET AL. *v.* GALLANTINE.

BANKRUPTCY.—*Composition with Debtor.*—*Contract.*—*Pleading.*—Pending a proceeding in bankruptcy, the creditors executed a composition agreement in writing, that "We, the undersigned, creditors of" the defendant, "hereby agree to accept" a certain percentage "on the dollar for our respective claims against him, in full settlement," to be paid in specified instalments, "to be secured by notes, with good approved security ; this is to be consummated within thirty days,—otherwise void."

*Held*, on demurrer, in an action against the debtor by one of such creditors, to recover for his claim, wherein the former had answered such composition agreement and alleged that he had fulfilled the same by executing his notes to the plaintiff, as provided therein, that the answer is insufficient for want of an averment that such agreement had been duly executed as to all such creditors.

*Held*, also, that such agreement was one between the creditors themselves,

as well as between them and the debtor, and if not executed as to all within the time specified, it became null and void.

SAME.—*Instruction to Jury Outside of the Issues.*—In such action, under the issues formed by such answer, it is error for the court to instruct the jury that the terms of such agreement might be waived by the plaintiff by a subsequent verbal agreement.

From the Marshall Circuit Court.

*C. H. Reeve, B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellants.

*A. C. Capron* and *A. B. Capron*, for appellee.

HOWK, J.—The appellants, as plaintiffs, sued the appellee, as defendant, in the court below, to recover a balance alleged to be due on an open account, for goods sold and delivered by the appellants to the appellee, and interest thereon.

The complaint was in two paragraphs, but the cause of action stated was substantially the same in both paragraphs.

For answer to appellants' complaint, the appellee said, in substance, that he admitted, that he was, on the 8th day of February, 1871, indebted to the appellants on account, as set forth in their bill of items in this action, in the sum of eight hundred and seventy dollars and thirty-two cents; but he averred, that prior to said time, and after he had become so indebted to the appellants, the appellee's financial affairs had become somewhat involved, and he was in embarrassed circumstances; that proceedings in bankruptcy had been instituted against him in the District Court of the United States for the district of Indiana, in which district he resided, by John V. Farwell & Co., who were his creditors; that in order to avoid litigation, and in order to prevent his estate from passing into the hands of an assignee in bankruptcy, the appellee offered a large number of his creditors, including the appellants and the petitioning creditors in the bankruptcy case, to pay or secure to his said creditors fifty cents on the dollar, on their respective claims, in consideration

of which, said creditors should accept said one-half of their claims as a full and complete adjustment and satisfaction of their several claims; that said offer led to negotiations, which finally terminated in a written agreement on the part of the appellants and certain other creditors of the appellee, a copy of which agreement was filed with and made part of said answer, by which the appellants agreed to accept fifty cents on the dollar, of said appellee, in full settlement and satisfaction of their said claim, the same to be paid by the appellee in certain instalments secured by note, as set forth in said agreement; and the appellee averred, that he did, within the thirty days specified in said agreement, execute and deliver to the appellants his promissory notes with security to their approval, due at nine months, drawing ten per cent. interest, to the amount of two hundred and twenty-one dollars and eleven cents, and also paid the appellants the sum of two hundred and fourteen dollars and five cents in cash; which said notes and cash were taken and received in full satisfaction of the account sued on in this action. Wherefore the appellee said, that the appellants ought to take nothing by their said action, and he prayed judgment for costs.

The agreement, which was filed with and made part of appellee's answer in this action, appears to have been executed by the appellants and thirteen other individual, partnership or corporate creditors of the appellee. Omitting the signatures thereto, we set out this agreement, as necessary to a proper understanding of some of the questions which arise in this action. This agreement was as follows:

"We, the undersigned, creditors of N. W. Galentine, of Bourbon, Indiana, hereby agree to accept fifty cents on the dollar for our respective claims against him, in full settlement; the same to be paid in three, six and nine months from the date hereof, with ten per cent. interest,

to be secured by notes, with good approved security; this is to be consummated within 30 days,—otherwise void.

" Chicago, February 8th, 1871."

The appellants demurred to appellee's said answer, for the alleged insufficiency of the facts therein to constitute a defence to this action, which demurrer was overruled by the court below, and the appellants excepted to this decision. And the appellants replied in three paragraphs to appellee's answer,—the first paragraph being a general denial, and each of the other two containing affirmative averments, which require no special notice.

The issues joined were tried by a jury in the court below, and a verdict was returned for the defendant, the appellee. Appellants' motion for a new trial was overruled, and their exception saved to this decision, and judgment was rendered on the verdict.

The appellants have assigned in this court the following alleged errors of the court below:

1st. In overruling their demurrer to appellee's answer; and,

2d. In overruling their motion for a new trial.

It seems very clear to us, that the facts stated in appellee's answer were not sufficient to constitute a defence to appellants' action. Appellee's learned attorneys, in our opinion, have misapprehended the force, effect and meaning of the agreement for composition, which agreement constitutes the basis of appellee's answer. It is manifest, from the averments of the answer, that the agreement in question was regarded by appellee's counsel as simply an agreement between the appellee and the *appellants* only, and the answer was framed accordingly. Such was not the agreement, which the appellee made a part of his answer. As we have already seen, this agreement was executed, not only by the appellants, but by thirteen others of the appellee's creditors. And, of these other creditors, it would seem from the record, that all save

one had signed the agreement before it was executed by the appellants.

In the case of *Breck* v. *Cole*, 4 Sandf. 79, it was well said by DUER, J.: " Every composition deed is in its spirit, if not in its terms, an agreement between the creditors themselves as well as between them and the debtor. It is an agreement that each shall receive the sum, or the security which the deed stipulates to be paid or given, and nothing more, and that upon this consideration the debtor shall be wholly discharged from all the debts then owing to the creditors who signed the deed." *Britten* v. *Hughes*, 5 Bing. 460, and *Huntington* v. *Clark*, 39 Conn. 540. And the same doctrine is recognized and fully approved in *Perkins* v. *Lockwood*, 100 Mass. 249, in *Bean* v. *Amsinck*, 10 Blatchf. 361, in *Pinneo* v. *Higgins*, 12 Abbott Pr. 334, and in *Kahn* v. *Gumberts*, 9 Ind. 430.

In the case now before us, the agreement, counted upon by the appellee in his answer as a bar to the appellants' action, was an agreement between the appellee on one side, and not only the appellants, but also all the creditors of the appellee who have signed said agreement, on the other side. It was expressly stipulated in said agreement, not only as applicable to the appellants, but also to all of the appellee's creditors who were parties to said agreement, that it should " be consummated within 30 days," and if it should not be so consummated within the time aforesaid, then it should be " void." This, in our opinion, is the plain legal meaning of the said agreement. The agreement was not absolute on its face. To make the agreement valid and binding on all or any of the appellee's creditors who had signed the same, it was indispensable, as we construe the instrument, that it should be fully consummated by the appellee as to each and all of the subscribing creditors, within the time limited. If not thus consummated by the appellee as to each and all of his creditors, the agreement, by its express terms, was to be void. If the agreement was not con-

summated as to any one of the subscribing creditors, within the time limited, it is perfectly clear, we think, that, as to such creditor, it would be void and of no binding force. And if the agreement was void as to any one of the subscribing creditors, it necessarily follows, in our opinion, from the peculiar character of the instrument, that it would be void as to all the creditors.

When, therefore, the appellee set up his composition agreement with his creditors as a complete defence to the appellants' cause of action, it was indispensably necessary to the sufficiency and validity of his answer, that he should aver therein the full consummation of said agreement within the time limited therein. No such averment as this is to be found in appellee's answer in this action. Evidently, the theory of the appellee's answer is, that the agreement set out therein was an agreement between the appellee and the appellants only, with which the other subscribing creditors of the appellee had nothing whatever to do. But, even upon this theory, the averments of appellee's answer were clearly insufficient; for it was not averred, that, even as between the appellee and the appellants only, the composition agreement was consummated within the time limited therein.

But we need not pursue this question. We are very clearly of the opinion, that the averments of the appellee's answer were insufficient; and for this reason we hold, that the court below erred in overruling the appellants' demurrer to said answer.

The conclusion we have reached in regard to the insufficiency of the appellee's answer renders it unnecessary for us to go into a lengthy or detailed examination of the questions presented by the alleged error of the court below, in overruling the appellants' motion for a new trial. Many causes for such new trial were assigned by the appellants, consisting chiefly of alleged errors of law occurring at the trial, and excepted to by the appellants. Sev-

Evans *et al. v.* Gallantine.

eral of these alleged errors of law, in our opinion, were well assigned.

It is manifest, we think, from the instructions of the court below, of its own motion, to the jury trying the cause, that the court, in instructing the jury, had the same erroneous views of the force and effect of the composition agreement set up in the answer, which the court must have entertained when the appellants' demurrer to the answer was overruled.

In our opinion, the court below erred in instructing the jury, in effect, that the terms of the composition agreement might be waived or controlled by a subsequent verbal agreement between the appellants and the appellee, when no such verbal agreement had been set up, or was relied upon, in appellee's answer. The instructions of the court below on this point, it seems to us, were foreign to, and outside of, the case made by the pleadings.

It is unnecessary for us, however, to examine and consider the alleged errors of law occurring at the trial. Our decision in relation to the sufficiency of appellee's answer will lead to the formation of other and different issues and a new trial of this cause. And it may well be, that on such new trial none of the alleged errors of law now complained of by the appellants will again occur.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain appellants' demurrer to appellee's answer, and for further proceedings in accordance with this opinion.