## PONTIOUS *v.* DURFLINGER.

ACCORD AND SATISFACTION.—*Composition with Creditors.—Subsequent Suit by Creditor Against Assignor.*—Where the assignee of a promissory note joins with the other creditors of the maker, in a composition agreement between such maker and his creditors, by which the former agrees to surrender his property to his creditors, and they, in consideration thereof, agree to accept such surrender in full satisfaction of their claims, and the agreement is performed on the part of such debtor, such assignee can not afterward recover on such note from his assignor.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellant.

HOWK, J.—In this action, the appellant, as plaintiff, sued the appellee, as defendant, in the court below.

In his complaint, the appellant alleged, in substance, that, on the 22d day of June, 1874, one John H. Butler executed and delivered to McBurgess & Durflinger, a firm composed of Hugh McBurgess and the appellee, John W. Durflinger, his note for $200.00, due in six months from its date; that, on the 19th day of August, 1874, said McBurgess assigned to the appellee all his interest in said note, by a written endorsement thereon; that afterward, for a valuable consideration, the appellee endorsed said note, by writing his name thereon, to the appellant; that the appellant endorsed the said note, in

writing, and delivered the same to the firm of Rhinehart, Ballard & Co., composed of John W. Rhinehart, Charles P. Ballard, and Leffard H. Pursell ; that said note was not paid when it became due ; that, on January 16th, 1875, the said Rhinehart, Ballard & Co., the owners and holders of said note, commenced suit thereon, in the court below, against said Butler, the maker of said note, in which suit Mary Butler, the wife of said John H. Butler, was joined as a defendant, for the purpose of foreclosing a mechanic's lien, securing said note ; that, on October 2d, 1875, the said Rhinehart, Ballard & Co. recovered judgment in that suit, against said John H. Butler, in the sum of $225.70, as principal and interest, and $11.28 as an attorney's fee, and costs taxed at $24.00 ; that, on October 19th, 1875, an execution was duly issued on said judgment, under the hand of the clerk and the seal of said court, directed to the sheriff of said county, which execution was returned by said sheriff on the 1st day of November, 1875, unsatisfied, for want of property of said Butler whereupon to levy ; that the appellee was duly notified of the pendency of said suit, and had full knowledge of the proceedings therein had, and was personally present in court, when said cause was tried ; that, by reason of the premises, the appellant had been compelled to pay, and had paid, said judgment, interest, attorney's fee and costs. Wherefore the appellant said, that a cause of action had accrued to him upon said endorsement of the appellee to him of said note, for the amount of principal and interest paid on said judgment, to wit, the sum of $238.58, and for the further sum of $24.00, costs paid by the appellant in said cause ; and, therefore, the appellant demanded judgment for $400.00, and for all other proper relief.

To this complaint the appellee answered, in substance, that, before the maturity of the note, mentioned in the complaint, to wit, on October 28th, 1875, John H. Butler, the maker of said note, having failed in business, and being desirous of compromising with his creditors, and

obtaining a release from them from further liability, upon condition that he would turn over his property to them, entered into a written agreement with all of them, including the appellant, who then represented the claim against said Butler, sued on in this action, a copy of which agreement was filed with the answer; that, by the terms of said agreement, the said Butler consented to and did turn over to his said creditors all his property, except his residence, which was not subject to execution, the same being held by him and his wife as tenants by entireties; which property was so given up and turned over, for the purpose of fully paying and satisfying his debts to said creditors; which property, so surrendered, said creditors accepted in full discharge and satisfaction of their said debts against said Butler; that, in pursuance of said agreement, which was signed by the appellant and said other creditors, the said Butler, at the request of said creditors, executed proper deeds of all his real estate, and turned over all his personal property, to one Ezra Swain, who had been chosen for that purpose by said creditors; that said Swain had taken possession of and sold and converted all the real and personal property, so transferred to him by said Butler, into money, and had been and was then paying and distributing the same *pro rata* to said creditors; and that, if the appellant had not already received from said Swain his *pro rata* share on the debt sued on, the same was then in said Swain's hands, subject to and awaiting his order. Wherefore the appellee said, that, by reason of the premises, said Butler had fully discharged and satisfied the said note, and the appellant had fully released him from all further liability thereon, and that the appellee was no longer liable to the appellant on his endorsement, and he asked judgment for costs.

The appellant demurred to this answer, for the alleged insufficiency of the facts therein to constitute a defence to the action; which demurrer was overruled by the court

below, and to this decision the appellant excepted. And the appellant then replied in four paragraphs to appellee's answer, the first paragraph being a general denial, and each of the other three paragraphs setting up affirmative matter. In the fourth paragraph of his reply, the appellant alleged, in substance, that, at the date of the pretended execution by him of the contract with said John H. Butler, set out in appellee's answer, the appellant was not a creditor of said Butler to any extent whatever; and that the appellant was not the owner of said note endorsed by the appellee, upon which endorsement this action was based, nor was said note due; but the appellant said, that he became the owner of said note after said agreement was pretended to have been made.

Appellee's demurrer to this fourth paragraph of reply, for the want of sufficient facts therein to constitute a reply, was sustained by the court below, and the appellant excepted.

The issues joined were tried by the court, without a jury, and a finding made for the appellee; and the appellant's written motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered by the court below on its finding.

The evidence on the trial is properly in the record.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1. In overruling his demurrer to the first paragraph of appellee's answer;

2. In sustaining the appellee's demurrer to the fourth paragraph of the appellant's reply; and,

3. In overruling the appellant's motion for a new trial.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment:

1. In our statement of this case, we did not notice the second paragraph of appellee's answer, for the reason that a demurrer was sustained to it in the court below,

and no question arises thereon for our consideration. We have hitherto spoken, and will continue to speak, of the first paragraph as the answer, because it is the only answer in the record, so far as this court is concerned. It is insisted by the appellant, that the court below erred in overruling his demurrer to this answer. The answer is founded upon a composition agreement between John H. Butler, the maker of the note mentioned in the complaint, and the creditors of said Butler. This agreement consisted of a written proposition to his creditors, signed by him, whereby he consented to deliver up to his creditors all his property, both real and personal, excepting the house in which he then resided and its furniture, for the purpose of fully paying and satisfying his debts to said creditors; and this proposition contained this stipulation: "In consideration of which surrendering of said property to said creditors, they, whose names are hereunto signed, agree to accept said property from said Butler, in full discharge and satisfaction of their said debts against him." Immediately following Butler's signature to this written proposition, was this memorandum in writing: "Assented to and signed by us, the above-named creditors, this 28th day of October, A. D. 1874;" and this was signed, among other creditors, by G. V. Pontious, the appellant in this action. Under the averments of the answer, if true, and the appellant's demurrer concedes their truth, it is certain that the note mentioned in his complaint had been fully discharged and satisfied as to the appellant, by John H. Butler, the maker of said note. It seems very clear to us, that such discharge and satisfaction of the note by the maker thereof, as to the appellant, would and ought to constitute a complete bar to any action on such note, against any endorser or assignor thereof, by the appellant. In our opinion, therefore, the appellant's demurrer to appellee's answer was correctly overruled.

2. The fourth paragraph of the appellant's reply, as we

construe its averments, was merely an argumentative denial of a part of the answer. It affirmed, that, at the date of the composition agreement, he, the appellant, was not a creditor of said John H. Butler; while the agreement itself, which was made part of the answer, showed over his own signature, that he was such creditor. It seems to us, that the matters stated in his reply were wholly insufficient to constitute a good reply to appellee's answer. The matters thus stated would not have been admissible in evidence, because their only tendency would have been to contradict the terms of the composition agreement. Every fact, which could have been given in evidence under this paragraph, could also have been given in evidence under the first paragraph of the reply, the general denial. If, therefore, the decision of the court below, on this point, had been erroneous, the error would have caused no possible harm to the appellant. But, in our opinion, the demurrer to the fourth paragraph of the reply was properly sustained.

3. The causes for a new trial, assigned by the appellant in his motion therefor, were, that the finding of the court below was contrary to law, and that it was not sustained by the evidence. The only question presented by these causes for a new trial, for our consideration, is this: Is the finding of the court below sustained by sufficient, competent evidence? We think it is. The evidence tended strongly to establish every material averment of the appellee's answer; and this answer, as we have seen, was a complete bar to the appellant's cause of action. In our opinion, the court below did not err, in overruling the motion for a new trial.

The judgment below is affirmed, at the costs of the appellant.