No. 7225.

## BAILEY *v.* BOYD ET AL.

COMPOSITION BOND.—*Surety.*—*Change of Terms.*—*Release.*—If a creditor holding a composition bond, by an agreement with the debtor, for a valuable consideration, without the knowledge or consent of the surety, materially change the terms of the contract of indebtedness, he thereby releases the surety.

SAME.—*Action on Composition.*—*Creditor's Election.*—If the debtor performs his part of a composition agreement, no action will lie for the original debt; if not, the creditor has his action on the original debt, and also on the composition agreement for any damages he may have sustained. He may elect to rely upon the composition agreement alone, or, if not complied with by the debtor, enforce payment of the original debt.

SAME.—A composition is an agreement between a debtor and his creditor for payment of a less sum, at a time fixed, than the debt, according to its terms.

From the Marion Superior Court.

*W. Morrow, N. Trusler* and *J. A. Henry*, for appellant.
*B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellees.

FRANKLIN, C.—The facts in this case are as follows: August 1st, 1871, Boyd borrowed money of Bailey, and executed to him his principal note for five thousand dollars, payable at five years from date, and ten interest notes, for $250 each, being for interest at ten per cent. per annum, falling due at intervals of six months. The debt was secured by mortgage upon certain real estate, the title to which, as it afterward appeared, was not in the mortgagors, Boyd and wife. Boyd became desirous of repaying the loan before it should mature, and Bailey desiring other security, a composition bond was executed by Boyd, as principal, and Craighead as surety, to Bailey, providing for the payment of a less sum than the principal, at an earlier date, with the interest on the principal to date of payment, or the perfection of the title to the property mortgaged. This bond was executed October 13th, 1871, a little over two months after the debt was contracted. The sum provided to be paid as a satisfaction and discharge

of the debt was $4,250, on August 1st, 1872, instead of $5,000 in five years, or the title might be perfected to the property. The penalty of the bond was $7,500. In May, 1873, Bailey, the plaintiff below, and appellant here, entered into a new contract with Boyd, with reference to the debt, and took a new mortgage and different security, and changed the time of payment, not only of the $4,250, provided for in the bond, but also of the original debt of $5,000, making the latter fall due, not on August 1st, 1876, as by its original terms it would have done, but at any time whenever any one of the original interest notes for $250 each should become due and not paid. Appellant instituted suit on this new mortgage, and on the 21st day of June, 1875, judgment was rendered against Boyd for the full amount of the original debt then unpaid, interest and attorney's fees, in the sum of $5,787.36, and a foreclosure of the mortgage. The property included in the second mortgage was sold by the sheriff, and appellant realized therefrom $1,891.97.

This suit was brought upon the bond, the complaint substantially setting out the foregoing facts. There was a demurrer overruled to the complaint, and a demurrer sustained to the sixth paragraph of Craighead's answer, exceptions reserved, trial by court, finding for plaintiff, motion for a new trial overruled, and judgment rendered for $3,871.17. The case was appealed to the general term of the superior court, and the judgment at special term was reversed, and cause then appealed to this court.

The errors assigned in the general term of the superior court by Craighead were:

1st. The overruling of his demurrer to the complaint.

2d. The sustaining of appellant's demurrer to the sixth paragraph of Craighead's answer.

3d. The overruling of Craighead's motion for a new trial.

4th. The overruling of Craighead's motion as to the amount of the judgment.

The error assigned in this court is, that the superior court in general term erred in reversing the judgment in special term. The overruling of the demurrer to the complaint, and the sustaining of the demurrer to the sixth paragraph of the answer, present the same question, and that is, did the taking of the second mortgage and the judgment against Boyd upon the original notes, and a foreclosure of the mortgage and sale of the mortgaged property, amount to an abandonment of the bond by appellant, and a release of Craighead as surety?

The bond is a composition bond. A composition agreement is one between a debtor and creditor, whereby the debtor agrees to give, and the creditor to take, a less sum at a time fixed, instead of the original debt, according to its terms. Where the debtor gives or furnishes a new liability, or rather the liability of a new party, as security for the performance of the composition agreement, it becomes a binding contract. Addison Contracts, 3d Am. ed., sec. 380 ; *Steinman* v. *Magnus*, 11 East, 390. If the debtor performs his part of the agreement, no action will lie for the original debt. *Pontious* v. *Durflinger*, 59 Ind. 27. But if he fails in good faith to perform his part of the agreement, the creditor has his action upon the original debt. *Kahn* v. *Gumberts*, 9 Ind. 430 ; *McFarland* v. *Garber*, 10 Ind. 151.

And he might also have an action upon the composition agreement, for any damages that he may have sustained on account of any breaches of the same. While the creditor might rely upon the composition agreement alone, yet if it was not complied with by the debtor, he would have the right to elect to enforce the payment of the original debt.

In this case the real controversy arises over the subsequent arrangement. The taking of the new mortgage to secure the payment of the old notes, and the making of them all payable whenever there was a failure to pay either of the interest notes when due, was certainly changing the terms of

the composition agreement, both as to the amount and time of payment. If a creditor, by an agreement with his principal debtor, for a valuable consideration, without the knowledge or consent of the surety, materially changes the terms of the contract of indebtedness, he thereby releases the surety. And while it may be said that Craighead was not surety on the original notes, yet he was surety for $4,250 of the $5,000, evidenced by the original principal note. And Boyd had agreed to pay, and he had agreed to and became surety for Boyd that he would pay to Bailey the $4,250, in full satisfaction and discharge of the $5,000 debt; and Bailey had agreed to accept the same as such. Craighead was, therefore, surety for that identical indebtedness. And if the $4,250 had been paid on the 1st day of August, 1872, with the interest on the principal note to date of payment, that would have been a complete bar to recovering anything further upon the original notes. That not being done, when Bailey made his subsequent arrangement with Boyd, and took his second mortgage to secure the payment of the original notes, instead of the composition contract, he thereby abandoned and abrogated Boyd's composition contract, and created a new contract for a larger amount and payable at a different time. And it stood then as though no composition agreement had been made, except as to time of payment. And Bailey having taken his judgment upon the new contract for the larger sum, could not afterward legally obtain judgment against Boyd for the smaller sum, which had been merged into, and constituted a part of, the larger judgment. And if Boyd, the principal defendant, was released from having a second judgment against him, for a stronger reason was Craighead, his surety, released; and Boyd's failing to appear and defend could not make a valid claim against Craighead. The plaintiff, in attempting to re-secure what he had by compromise agreed to release, thereby lost the composition security for the amount agreed upon.

We think the superior court in special term erred in overruling the demurrer to the complaint, and in sustaining the demurrer to the sixth paragraph of the answer; and that that court in general term did not err in reversing the judgment of the special term.

As the foregoing is decisive of the case, it is unnecessary to extend this opinion by presenting and deciding the other errors assigned in the general term of the superior court.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the superior court in general term be, and it is hereby, in all things affirmed, with costs.