No. 12,293.

## FOSDYKE, ASSIGNEE, *v.* NIXON.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Pleading.*—*Sufficiency of Creditor's Claim.* —A claim against the estate of a debtor, who has made a voluntary assignment for the benefit of his creditors, is sufficient when it informs the assignee of the nature and amount of the creditor's demand. The strict rules of pleading will not be applied to such claims.

SAME.—*Purchase of Claims Against Debtor.*—*Enforcement Against Estate.*—A good-faith purchaser of claims against an embarrassed debtor, who has made an assignment of his property for the benefit of his creditors, is entitled to the distributive shares of the original holders of the claims, and may enforce payment against the debtor's estate in the hands of the assignee.

From the Fountain Circuit Court.

*T. F. Davidson*, for appellant.

*G. W. Paul, J. E. Humphries* and *J. B. Martin*, for appellee.

HOWK, C. J.—Appellee, John T. Nixon, claimed to be a creditor of one Marshall Nixon, an embarrassed debtor, who had made a general assignment of all his property in trust for the benefit of all his *bona fide* creditors, to the appellant, Fosdyke, under the provisions of our voluntary assignment law, in force since March 5th, 1859. Appellant refused to allow appellee's claim, when presented, and thereupon such claim was docketed· in the court below as a cause for trial. An answer in six paragraphs was filed by appellant to appellee's claim or complaint, the first three paragraphs of which answer were subsequently withdrawn. Appellee's demurrers to each of the remaining paragraphs of answer were sustained by the court, and appellant refusing to amend or plead further, appellee had judgment for the amount due on his claim.

Appellant has here assigned, as errors, the sustaining of the demurrers to each of the fifth and sixth paragraphs of his answer, and that appellee's claim or complaint does not state facts sufficient to constitute a cause of action.

There was no demurrer below to the claim or complaint, but appellant's objections thereto are made for the first time in this court. The claim consists of a judgment which appellee had recovered against Marshall Nixon, and of other judgments, notes and accounts against Marshall Nixon, all duly assigned to the appellee. A number of technical objections to the claim or complaint are pointed out by appellant's counsel, in argument, some of which might have been reached by motion to make the claim more certain and specific. The strict rules of pleading ought not, we think, to be held applicable to such a claim, and where, as in this case, the claim clearly informs the assignee or trustee of the nature and amount of the creditor's demand, it should be held sufficient, even on demurrer, and certainly so when its sufficiency is called in question, for the first time, by an assignment of error in this court.

The fifth paragraph of appellant's answer was addressed to so much only of appellee's claim or complaint as relates to the judgments, notes or accounts, and each of them, alleged to have been acquired by appellee by assignments from the original owners and holders thereof; and the appellant averred therein that such judgments, notes and accounts, and the assignments thereof, were procured to be made to appellee in the manner and for the consideration and purpose following, and in no other manner and for no other consideration whatever; that after the execution of the assignment by Marshall Nixon to appellant, and after he had qualified as assignee and entered upon the discharge of the duties of his trust, and after he had become possessed of all the property assigned to him by Marshall Nixon, the latter became desirous of procuring a compromise, settlement and release of the debts and demands held against him by his creditors, and to that end and purpose he executed a power of attorney, appointing one Andrew P. Potts his attorney in fact to act for him, and in his name, in negotiating and perfecting a settlement between him and his creditors, and authorizing his at-

torney to make such settlement with any creditor who would
take twenty-five cents on the dollar of the amount due him,
to be secured by acceptable promissory notes payable, as
should be agreed on, in not less than six months nor more
than eighteen months from their dates with interest, and that
he would furnish the notes as required to enable his attorney
in fact to complete such settlements as he might make, au-
thorizing such attorney to take assignments of all claims he
might succeed in adjusting, to John T. Nixon; that said
Andrew P. Potts accepted the agency and employment con-
ferred upon him by such power of attorney, and acting alone
thereunder and pursuant thereto, he entered into negotiations
with the creditors of said Marshall Nixon and effected a set-
tlement and compromise with each of the original holders of
the several claims alleged by appellee to have been assigned
to him; that it was agreed between Potts, as such attorney
in fact, and each of the original holders of such claims, that
they would accept in full satisfaction thereof the promissory
notes of appellee and one Henry P. Nixon for the several
amounts to be paid them respectively, which notes were exe-
cuted and furnished by appellee and Henry P. Nixon to said
Potts, at the request of Marshall Nixon, and were made pay-
able to the several holders of such claims, and were in such
sums and payable at such times as agreed upon between said
Potts and each of the several holders of such claims, and
that such notes were delivered by said Potts to, and accepted
by, the original holders of such several claims, in satisfac-
tion and discharge thereof; that immediately after the ac-
ceptance of such settlement, and as part thereof, each of the
original holders of such claims, as settlement with each was
made, severally executed an instrument in writing, which
appellant called a release, in the words and figures follow-
ing, to wit:

"We, the undersigned creditors of Marshall Nixon, of
Veedersburg, Fountain county, Indiana, hereby mutually
agree to accept twenty-five cents on the dollar of the debts.

due to each of us from said Marshall Nixon, in full compromise, settlement and satisfaction of our several claims against him, and to forever release him from the payment of the residue of such indebtedness; to be a full composition and settlement of all our several claims against said Marshall Nixon, for any cause whatever. Said twenty-five per cent. of our several claims against said Nixon to be paid in cash, or secured by first-class negotiable paper, payable in six, twelve and eighteen months, with interest, such claims to be settled as aforesaid on or before the 1st day of February, 1884. In case any of the creditors of said Nixon fail or refuse to sign this composition-agreement, that fact shall not invalidate this agreement as to those who do sign it; and in that event, the creditors of Marshall Nixon, who do sign this agreement, agree to sell and assign their said respective claims against him to John T. Nixon, at the rate of twenty-five per cent. of such claims, who is to furnish the money to complete this settlement. And in that case, each several claim aforesaid is to be assigned to said John T. Nixon, and upon his payment of twenty-five cents on the dollar as aforesaid, said John T. Nixon shall be the absolute owner of each of such claims so assigned and paid for. It is further agreed that, so far as we are concerned, the funds in the hands of Walter Fosdyke, assignee of Marshall Nixon, may be used in making this settlement, if the same is made. December 29th, 1883."

Appellant further averred, that such release was executed, at different times, by each of the original holders of such several claims, set forth in appellee's complaint, which were alleged therein to have been acquired by him by assignment; that all of such claims were so compromised, settled, satisfied, assigned and released prior the first day of February, 1884; and that the agreements to settle, compromise and satisfy such several claims were made solely with said Potts, as attorney in fact as aforesaid of Marshall Nixon, and by each of such creditors separately acting for himself, and that

appellant was not a party to any of such agreements; that the assignments to appellee of such several assigned claims, set forth in his complaint, were procured by said Potts, acting under the authority aforesaid, at the times when such settlements and releases were executed; that such assignments were not executed upon any other consideration or for any other purpose than as herein stated; that all the creditors of Marshall Nixon did not accept the compromise offered by his attorney in fact, and did not execute the composition-agreement; and that many of such creditors, representing claims against Marshall Nixon, amounting in the aggregate to $25,000, refused to accept the offered compromise or to execute such composition-agreement.

The sixth paragraph of answer states substantially the same facts as the fifth paragraph, as a defence to appellee's action.

We are of opinion that the court committed no error in sustaining appellee's demurrers to the fifth and sixth paragraphs of appellant's answer, or either of them. An embarrassed debtor, who has made a voluntary assignment of all his property for the benefit of all his *bona fide* creditors, is not thereby precluded, we think, from making an honest effort, with the assistance of kinsmen or friends, to effect such a settlement with his creditors as will enable him to obtain a speedy release from his debts, and to start anew in the active business of life. After Marshall Nixon had made his assignment, and after appellant, as his trustee, had obtained possession of all the assigned property, it is stated in appellant's answer that Marshall Nixon executed a power of attorney, constituting Andrew P. Potts his attorney in fact and authorizing such attorney to effect a settlement of his debts with his creditors, at twenty-five cents on the dollar, if it could be done. He had the right to make such an offer. He knew, no one better than he, what the amount of his indebtedness was and what percentage of his debts his estate would probably pay. Appellant has nowhere alleged that Marshall Nixon's property would pay a greater percent-

age of his debts than his attorney was authorized to offer,. and it was probable at least that it would pay much less. No fraud is imputed in either paragraph of appellant's answer, either to Marshall Nixon or to his attorney in fact, in any of the transactions of either with any of Nixon's creditors. The written instrument, set out in the answer and called a release, by its express terms, was not to operate as a release unless it should be signed by all the creditors of Marshall Nixon, and appellant averred that many of the creditors had never signed such instrument. It was not binding as a composition-agreement, for the want of execution by all such creditors. *Evans* v. *Gallantine,* 57 Ind. 367.

Further, it was expressly stipulated in such agreement that,. if it should not be executed by all the creditors of Marshall Nixon, that fact should not invalidate the agreement as to those of the creditors who did execute it, but that, in such case, their claims against Marshall Nixon should be assigned and set over to the appellee. This stipulation in the agreement was manifestly just and equitable, as it seems to us, as it would. operate to indemnify the appellee to some extent for the hazard he assumed in assisting Marshall Nixon to effect. a compromise, and could do the appellant and the objecting· creditors no possible harm. Appellee had the right to pur-- chase for a fair price the claims of the creditors of Marshall Nixon and to enforce their collection against the latter's estate in the hands of appellant. It is not shown that appellee's position, or his relation to Marshall Nixon, was such as to give him any undue advantage over the creditors of the. latter in the purchase of their respective claims against him. Nor is it alleged by appellant, in either paragraph of his answer, that the appellee had not paid the creditors the full and fair value of their several claims purchased by and assigned to him. In truth, the appellant has nowhere imputed to the appellee any fraud or evil practice in his dealings with the creditors of Marshall Nixon. Under our law, fraud is never· presumed, but it is a fact, if it exists, which must be averred

and proved.    Section 4924, R. S. 1881; *Morris* v. *Stern,* 80 Ind. 227, and cases cited; *Dessar* v. *Field,* 99 Ind. 548.

It is not controverted that the assigned claims, mentioned in appellee's complaint, were valid and subsisting debts of Marshall Nixon, justly entitled to their distributive share of the trust estate in appellant's hands.    We know of no sufficient reason, and none has been suggested, for holding that the appellee should be deprived of such distributive share of such trust estate.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

