May Term,
**1855.**

MURRAY
v.
FRY.

---

### MURRAY v. FRY.

When the evidence is not in the record, if, upon any probable state of facts, the instructions of the Court would be correct, the existence of such facts will be presumed in support of the judgment; but if the instructions would be wrong, on every state of facts, and were calculated to direct the jury to an improper basis for their finding, they will be presumed to have misled the jury.

Assumpsit by an infant upon a special contract, whereby she agreed to work for the defendant for a term specified, and he agreed to furnish her board, clothing, &c., and also to furnish her a cow, a bed, &c., in consideration of such service. Averment, that the plaintiff faithfully performed her part of the contract, but that the defendant wholly failed to board and clothe her properly, or to deliver the articles of property or any of them. There was also a common count for work and labor. The evidence did not appear in the record. The Court instructed the jury that they should take into consideration the value of such a home as the plaintiff had enjoyed, &c.; her opportunity of acquiring instruction from the defendant's wife in matters of housekeeping; and the advantages resulting to her from a residence in a respectable family. *Held*, that these instructions were wrong.

An appeal was taken from the judgment of a justice of the peace to the Circuit Court, in which the defendant made a material amendment of his defence. The plaintiff was an infant, and her next friend being unwilling to continue liable for the costs, was discharged, and she was allowed to prosecute, by another, as a poor person. The judgment was reduced in the Circuit Court more than 5 dollars. The costs of the suit up to the time of the discharge of the first next friend, including the costs of said amendment, were taxed against him. *Held*, under the R. S. 1843, that this was wrong.

ERROR to the *Hamilton* Circuit Court.

STUART, J.—*Sarah Murray*, an infant, by her next friend, *Bronson*, sued *Fry* in assumpsit. The declaration sets out a special contract between *Sarah* and *Fry*, to the effect that she was to work in the family of *Fry* until she was eighteen years old, being about two years from *March* 1,

*Friday,*
*June 8.*

1846; that *Fry*, on his part, agreed to furnish *Sarah* board, clothing, &c., and, at the end of the term, to furnish her a cow of the value of 12 dollars, a bed of the value of 20 dollars, and other household furniture of the value of 50 dollars, in consideration of her work and labor, &c.   She then avers that she faithfully performed her part of the contract, but that *Fry* wholly failed to board and clothe her properly, or to deliver the articles of property, or any of them.   There is a common count for work and labor; and the whole amount of damages claimed is 100 dollars. The cause was commenced before a magistrate.   Verdict and judgment for 36 dollars and 12½ cents.   *Fry* appealed to the Circuit Court.

On her affidavit that *Bronson* was not willing to act longer as her next friend, and petition for the appointment of a substitute, and that she be permitted to prosecute as a poor person, she was allowed by the Court so to prosecute, and *Garver* was substituted for *Bronson* as her next friend.

The defendant, *Fry*, was permitted to make a material amendment to his defence, at his costs, "which," says the order, "is hereafter to be fixed as to the amount thereof." The cause was continued till the next term.

At the next term there was a jury trial.   Verdict and judgment for Miss *Murray* for 2 dollars and 20 cents. The Court adjudged the costs up to the time of his discharge against *Bronson*, amounting to 34 dollars.

The evidence is not in the record, but a bill of exceptions gives the charge of the Court to the jury.

The substance of the charge is, that the plaintiff was entitled to recover what her services were reasonably worth; that the defendant, *Fry*, was to be allowed for such clothing, schooling, and medical attendance as were sustained by the evidence; and that the jury should take into consideration the value of such a home for nearly three years as the plaintiff had enjoyed in the house of the defendant; her opportunity of acquiring instruction of defendant's wife in matters of housekeeping; and the advantages resulting to her from a residence in a respectable family, &c.

May Term,
1855.

MURRAY
v.
FRY.

When the evidence is not in the record, the Court will go a great way to sustain the judgment of the Circuit Court. If, upon any probable state of facts, the instructions complained of would be correct, the existence of such facts will be presumed. But if the instructions are in themselves radically wrong, under any state of facts, directing the minds of the jury to an improper basis on which to place their verdict, it would be hazardous to presume that the jury had, notwithstanding such erroneous instructions, arrived at a correct conclusion.

On the part of Miss *Murray*, the special contract was complete. When she had thus fulfilled and sued *Fry* for those articles, or their value, he could not set up the benefits which she had derived as mere incidents of the contract, in discharge of the specific duties which he had agreed to perform. His obligation consisted as well of the pleasant home, the board, the clothing, &c., which he had furnished, as of the other specified compensation which Miss *Murray* complains he failed and refused to furnish. She sued, in the first count, for what he failed to do. The instruction that the jury were to consider what had been performed under an entire contract, as in any respect a discharge of what remained to be done, was clearly erroneous.

Of the same character was that part of the instruction which directs the jury to consider the respectability of the *Fry* family. That respectability was a very proper matter for Miss *Murray's* consideration before she entered into the special agreement to work for *Fry*. It well might, and very probably did, form a strong inducement for her to enter *Fry's* service on terms favorable to him. In this way he already had enjoyed the full benefit of his respectability. But, in no event, could it be law that this imaginary condition, called " family respectability," should be estimated by the jury as in any degree a compensation for her services. Such as it was, Miss *Murray* was entitled to its benefits in addition, and as incident to, the more substantial stipulations of the contract. Clothed with the authority of the Court as law, its tendency was to mislead the jury. *Peyton* v. *Bowell*, 1 Blackf. 244.

The order for costs against *Bronson* was also erroneous. *Fry's* amendment was material, and threw on him such costs up to the time of the amendment as the Court might direct.   R. S. 1843, c. 47, s. 171.   But the statute does not extend the judicial discretion to taxing such costs against the opposite party.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*G. H. Voss*, for the plaintiff.

*J. Robinson,* for the defendant.