## MURPHY v. JOHNSON.

1. **Practice**: INSTRUCTIONS: APPEAL. If under no possible view of the case the instructions given or refused can be correct, the Supreme Court will review the action of the court below with respect thereto, even if the record does not properly present the evidence offered upon the trial.

2. **Minor**: RECOVERY FOR PERSONAL SERVICES: CONTRACT. Where a minor has rendered services in accordance with the terms of a contract entered into by himself and has received payment for the same, such payment is a full satisfaction for the services and the minor cannot a second time recover therefor.

*Appeal from Davis Circuit Court.*

FRIDAY, DECEMBER 8.

THE petition states that plaintiff is a minor and unmarried, and that he performed work and labor for the defendant, and that his services were reasonably worth $180, for which amount he asks judgment.

The answer denies the allegations in the petition, and alleges that plaintiff represented himself to be of age, and defendant so believing he engaged plaintiff, and he agreed to work and do chores for his board and clothing, and that all the labor was done under that agreement; that defendant boarded and clothed him during the time agreed on, and has paid him more than his services were worth, and he owes the plaintiff nothing; that since the commencement of the action he has settled with plaintiff and fully paid him all that was his due.

The reply denied there was any valid settlement between the plaintiff and defendant since the commencement of the suit, and denies defendant has paid plaintiff as alleged, and avers that the settlement was procured through fraud.

There was a trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*Weaver & Payne* and *M. H. Jones*, for appellant.

*Traverse & Eichelberger* and *Trimble & Carruthers*, for appellee.

SEEVERS, CH. J.—I.   The errors assigned relate solely to the instructions given and refused, and it is objected by the 1. PRACTICE: appellee that no part of the evidence is properly instructions: appeal. before us and that, therefore, we cannot pass upon the pertinency of the instructions or determine they are erroneous.   This does not necessarily follow, for if under no possible view that can be taken do the instructions embody correct propositions of law when applied to the issues presented by the pleadings, and if, on the contrary, they are clearly erroneous, then we not only have the power but it is our duty to pass upon and determine the questions presented.   *Stevenson v. Greenlee*, 15 Iowa, 96.

II.   The issues presented by the pleadings are:   1. Was the plaintiff a minor, and did he perform work and labor for 2. MINOR: re- the defendant, and the value thereof?   2. Was covery for such labor performed under a contract, and has services: con- tract. the defendant fully performed such contract on his part?   3. Was the contract in relation to or made to procure for the minor the necessaries of life?   4. Has there been a settlement since the bringing of this suit? and 5. Was such settlement procured by fraud?

The petition seeks to recover for the personal labor of the plaintiff, and if done under contract, as claimed by defendant in the answer, then it necessarily follows the contract was in relation to the personal services of the defendant.

Under the issues thus presented the court instructed the jury as follows:

"4th.   If you find that the plaintiff was a minor at the time of the alleged contract, then he would not be bound by any contract, unless for necessaries, unless you further find that on account of the plaintiff's misrepresentations as to his majority, or from his having engaged in business as an adult, the defendant had good reason to believe the minor capable of contracting, and he would have the right to disaffirm the contract at any time during his minority and for one year thereafter, but in so doing he would be accountable and chargeable with all money or property received by him under said contract when for personal services."

This instruction is clearly applicable to the issues, and the question is, whether it contains a correct exposition of the law.

The Code provides: 1. That a minor is bound by his contract for necessaries. 2. And also by all other contracts unless he disaffirms them within a reasonable time after attaining his majority, and restores to the other party all the property acquired by virtue of the contract remaining under his control, at any time after attaining his majority. 3. But no contract can be disaffirmed where, *on account of the minor's misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe him capable of contracting.* 4. Where a contract for the personal services of a minor has been made with him alone, and those services performed, payment made therefor to such minor in accordance with the contract is a full satisfaction for those services, *and the parent or guardian cannot recover therefor a second time.* §§ 2238, 2239, 2240.

The instruction recognizes the doctrine that the minor may disaffirm the contract during his minority. But the statute does not so provide, and we apprehend such a thing is unknown to the common law. The presumption is that a minor does not possess the requisite capacity to determine whether the contract is one that should be disaffirmed or not.

It is very clear that the statute recognizes that a contract may be made with a minor in relation to his personal services, and if he is paid therefor in accordance with the contract, the same is a full satisfaction for the services, and that the parent or guardian cannot recover therefor a second time. Now, the jury are told in the instruction under consideration that no contract is binding on the minor except for necessaries, unless by reason of his having made misrepresentations as to his majority or engaged in business as an adult the defendant had good reason to believe him capable of contracting. But the rule of the statute is that the minor is bound by *all contracts* unless he disaffirms them within a reasonable time after he attains his majority. Besides this, if the contract be for personal services then the minor is bound by such contract,

and, if paid in accordance with its terms, it is expressly provided that the parent or guardian cannot recover therefor a second time. The next friend of the minor has no better or superior rights than the parent.

By the common law, a minor was bound by his contract for necessaries in the absence of fraud in obtaining it, and a payment to him in accordance with its terms was binding. *Stone v. Dennison*, 13 Pick., 1. But a contract in relation to his personal services without reference to the question of necessaries was not binding, and a payment made to the minor in accordance with the terms of the contract presented no bar to a recovery by the parent or guardian. *White v. Henry*, 24 Me., 531. The object and intent of the statute was to abrogate this rule of the common law.

The petition states that a recovery is sought for the value of the minor's personal services, and the answer alleges the services were performed under a contract, and the instruction recognizes there was evidence tending to prove there was a contract. Without doubt, therefore, we have sufficient before us to enable us to determine the instruction given to be incorrect. The jury should have been told, as the pleadings conceded the recovery was sought for personal services of the minor, that if such services were rendered under a "contract and payment had been made therefor to such minor in accordance with the contract, the same was a full satisfaction for such services, and that plaintiff cannot recover therefor a second time."

The plaintiff is the next friend and his rights are determined now. What may be the rights of the minor if he disaffirms this contract as provided by statute, can only be determined when he does so and seeks a recovery.

REVERSED.