## TERRY v. SHIVELY.

INSTRUCTION.—*Facts Outside the Issues.*—An instruction to a jury, authorizing them to consider matters foreign to the issues, is erroneous.

SAME.—*Action on Account, for Value of Chattels.—Recovery for Cash Paid.—Settlement.—Former Adjudication.—Payment.—Evidence.*—In an action on an account for personal property sold and delivered, wherein the defendant answered the general denial, settlement, former adjudication and payment, and the plaintiff replied the general denial, the court instructed the jury, that, in arriving at a verdict, they might consider, on behalf of the plaintiff, any payments made by him on a certain judgment theretofore recovered against him by the defendant.

*Held*, that the instruction was erroneous.

*Held*, also, that evidence of such payments was inadmissible under the issues.

SAME.—*Instruction Ignoring Defence.*—Where, in such action, there was evidence tending to sustain each of such special defences, an instruction to the jury, limiting their attention and the defendant's right to recover to one only of these defences, is erroneous.

SAME.—*Instruction as to Settlement.*—An instruction in such action, that, to entitle the defendant to recover on the alleged settlement, he must have established, that, on such settlement, a balance remained due to him, is erroneous.

SAME.—*Promissory Note Executed on Settlement.—Legal Effect of.*—The paragraph of defence alleging settlement, having also alleged that the plaintiff had executed his promissory note to the defendant for the balance due on settlement, it was error to instruct the jury to determine the legal effect of such note , that being a question of law solely for the court.

From the Fulton Circuit Court.

*J. S. Slick* and *J. S. Frazer*, for appellant.

*D. Turpie* and *H. D. Pierce*, for appellee.

HOWK, C. J.—This was a suit by the appellee, as plaintiff, against the appellant, as defendant, upon an open account for lumber sold and delivered by the appellee to the appellant.

In his complaint, the appellee alleged, in substance, that the appellant was indebted to him in the sum of twelve hundred and twenty dollars for lumber sold and delivered by the appellee to the appellant, the particulars of which

were set forth in an account filed with and made part of said complaint, and that the said account remained wholly unpaid, and was then due the appellee from the appellant; and judgment was demanded for fifteen hundred dollars, and for other proper relief. An itemized bill of particulars was filed with the complaint.

To this complaint the appellant answered in four paragraphs, the first being a general denial, and each of the other paragraphs setting up affirmative matters, by way of defence, which we need not now notice.

To the affirmative paragraphs of the answer, the appellee replied by a general denial. The issues joined were tried by a jury, and a general verdict was returned for the appellee, assessing his damages in the sum of two hundred and sixteen dollars.

With their general verdict, the jury also returned into court their special findings on particular questions of fact, submitted to them by the appellant under the direction of the court, as follows:

"1st. Do you find, that, on the 15th of July, 1874, the plaintiff and defendant had a settlement of all lumber transactions, had between them up to that date?"

Ans. "No."

"2d. If you answer the first interrogatory in the affirmative, then did the plaintiff execute his note to the defendant for the sum then understood to be due?"

Ans. "Yes."

"3d. If you answer the second interrogatory in the affirmative, then do you find, that, after the note had been so executed by plaintiff to the defendant, plaintiff made a partial payment or partial payments thereon, without objection or protest?"

Ans. "Yes."

"4th. Was all the lumber, delivered by the plaintiff to

the defendant, paid for before delivery, by advancements of money made by defendant to plaintiff?"

Ans. "No."

The appellant moved the court, in writing, for a judgment in his favor, on the special findings of facts, for the reason that the same were inconsistent with the general verdict, which motion was overruled, and to this ruling he excepted.

His motion for a new trial was overruled by the court, and his exception to this decision was duly entered. His motion in arrest of judgment was also overruled by the court, and his exception to this ruling was duly saved; and the court rendered judgment on the general verdict, from which judgment he appealed to this court.

The following alleged errors have been assigned by the appellant, in this court:

"1st. The complaint does not state facts sufficient to constitute a cause of action;

"2d. The court erred in overruling the appellant's motion for a new trial;

"3d. The court erred in overruling the appellant's motion for the taxation of costs to the plaintiff; and,

"4th. The court erred in overruling the appellant's motion in arrest of judgment."

The first and fourth of these alleged errors might properly be considered together, as they each call in question, to a limited extent, the sufficiency of the appellee's complaint—the fourth, after trial and verdict in the circuit court, and the first, after judgment and appeal therefrom—for the first time in this court. But these errors, if they existed, have been expressly waived by the appellant's counsel in their brief of this cause.

In the appellant's motion for a new trial, the following alleged causes therefor were assigned:

1. Misconduct of the jury, in this, that each of the ju-

rors stated the sum which, in his opinion, the plaintiff should recover; said sums were then added together, and the aggregate was divided by twelve, and the quotient was taken as the verdict;

2. For error in the assessment of the amount of recovery, the same being too large;

3. The verdict of the jury was contrary to law;

4. The verdict of the jury was not sustained by sufficient evidence;

5. The court erred in giving the jury instructions numbered 3, 4, 5, 6, 7, 8, 10 and 11, which were excepted to at the time by the appellant;

6. The court erred in refusing to give the jury instructions numbered 13 and 14, offered by the appellant, to which refusal he excepted at the time; and,

7. The court erred in overruling the appellant's motion for judgment in his favor, on the special findings of the jury.

The appellant's attorneys have expressly waived, in their argument of this cause, the first, second and seventh of these causes for a new trial, thus leaving, for our consideration and decision, such questions only as may be fairly presented under the third, fourth, fifth and sixth of the alleged causes for a new trial.

Before considering the alleged error of the court, in giving the jury the instructions complained of, it is proper that we should state the substance of the affirmative paragraphs of the appellant's answer.

The first paragraph of the answer, as we have said, was a general denial of the complaint.

In the second paragraph, the appellant alleged, in substance, that, on the 15th day of July, 1874, he and the appellee had a settlement of all accounts and matters then between them, and had since that time had no dealings; and that, at the time of said settlement, the appellee ac-

knowledged that he owed the appellant the sum of five hundred and ten dollars and thirty-seven cents, and made his note for that sum.

In the third paragraph of his answer, the appellant set up that, at the May term, 1875, of the Kosciusko Circuit Court, in a suit wherein he was plaintiff, and the appellee was defendant, all the matters in the complaint mentioned were adjudicated . upon and finally adjusted, and that the appellee was estopped from setting them up in this action.

The third paragraph of appellant's answer was a general plea of payment in full of the account sued on in appellee's complaint, before the commencement of this action.

To the affirmative paragraphs of appellant's answer, the appellee's only reply, as we have seen, was a general denial thereof.

With this statement of the issues in the cause, we proceed to the consideration of the seventh instruction of the court to the jury, complained of by the appellant as erroneous. This instruction was as follows:

" 7th. If you find, from the evidence, that the note was not given on settlement of accounts between the parties, and that the note is not conclusive as to the indebtedness of the plaintiff to the defendant, then you will determine the value of all the lumber which the plaintiff delivered to the defendant, which aggregate value will be the gross amount of the claim in favor of the plaintiff; and, on the other hand, you will take all the different sums of money proven to have been advanced by the defendant to the plaintiff, and from the aggregate of these money items should be deducted whatever sums of money you find to have been paid, if any, by the plaintiff to the defendant on the judgment, in the Kosciusko Circuit Court, and the difference will be the credit to which the defendant is entitled

as an offset against the plaintiff's account for the value of the lumber, and the difference between such credit and the value of the lumber, as from the evidence you shall find it to be, will be the measure of your verdict."

There is more of this instruction, but we have set out the part thereof complained of by the appellant's counsel, and the remainder of the instruction does not change or modify the legal effect and purport of what we have set out. The chief objection to this instruction is, that it was not warranted or authorized by the issues in the cause. It instructed the jury, that, in arriving at their verdict, they must charge the appellant with certain money items, if proved to their satisfaction, although the appellee had not sued the appellant, in this action, for any such items of account. We think this objection is well taken. Possibly. the rule prescribed for the jury, by this instruction of the court, might have enabled them to reach a right result, if the real facts of the case had been pleaded, and the issues properly made. But the objection urged to the instruction is, that it is outside of the issues in the cause, and directs the jury to consider certain matters, in arriving at their verdict, which were not embraced in or shown by any of the pleadings. That far forth the instruction was clearly erroneous. In the trial of the cause, and in determining the proper verdict, both the court and jury were bound and limited by the allegations in the pleadings, and the issues thereby presented. " It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his grounds of defence, if, on the trial, either or both might abandon such grounds and recover upon others which are substantially different from those alleged." *Boardman* v. *Griffin*, 52 Ind. 101.

It seems to us, that the court erred, also, in this instruction, in submitting to the jury, as a question for their determination, the legal effect of the note mentioned in the second paragraph of the appellant's answer, as to whether

it was or was not " conclusive as to the indebtedness of the plaintiff to the defendant." That was a question for the court, and it was error, we think, to submit it to the decision of the jury.

The appellant's counsel also complain in argument of the fifth instruction of the court to the jury. This instruction was very long, and we can not set it out in this opinion. In it the court explained to the jury the three affirmative paragraphs of the appellant's answer; and, after this explanation, the court instructed the jury as follows : " If you find from the evidence that the plaintiff delivered lumber to the defendant, as alleged in the complaint, then, in order to entitle the defendant to a verdict in this suit, he must have shown by a preponderance of evidence, that, previous to the commencement of this suit, a settlement was made between him and the plaintiff, and a balance found in his favor." The principal objection to this instruction is, that it entirely ignores two of the appellant's alleged defences to this action, to wit, former adjudication and payment. There was evidence before the jury tending to sustain each of these defences; and surely, if the jury had found either that there had been a former adjudication of the account sued on by the appellee, or that the appellant had fully paid said account before the commencement of this action, either finding would have been amply sufficient " to entitle the defendant to a verdict in this suit," and the court should have so instructed the jury, under the issues and evidence in this case. Then, again, it seems to us, that if the jury found from the evidence, that, before the commencement of this suit, a settlement had been made between the appellant and the appellee, it was not necessary, " in order to entitle the defendant to a verdict in this suit," that, upon such settlement, as the court instructed the jury, " a balance " should have been found in the appellant's favor. For if, upon such settlement, it appeared that the accounts between the

parties were even, and that nothing was due to either party from the other, in such an event it is clear, we think, that the appellant would have been entitled to a verdict in this suit. In our opinion, the court erred in giving the jury this fifth instruction.

The appellant's attorneys complain of other instructions of the court; but, as the conclusions we have reached, in regard to the fifth and seventh instructions, will necessarily lead to a new trial of the cause, we think it unnecessary for us now to consider or decide any of the other questions presented by the record of this cause, and the errors assigned thereon. On a new trial of the cause, the probabilities are, that the issues may be changed, new evidence introduced, and other instructions given. In this view of the case, we think that nothing would be gained by a further consideration of the record and the errors assigned thereon.

For the reasons already given, we are clearly of the opinion, that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings.