## THE HOWE MACHINE COMPANY *v.* REBER.

PROMISSORY NOTE.—*Contract.—Counter-Claim.—Exchange of Chattels.*—In a suit upon a promissory note, a counter-claim was filed, alleging that the note in question was executed by the defendant for the difference between a sewing machine of a certain value which he had traded to the plaintiff, and a higher priced machine which he had obtained in said trade, and that the plaintiff, contrary to its agreement made at the time of such trade, had refused to repair said machine, which had proved worthless, or to give him another and a good one in its place.

*Held*, on motion in arrest, that the counter-claim is sufficient.

SAME.—*Measure of Damages.—Fraud.—Warranty.*—In such case, the defendant would be entitled to recover only the actual damages sustained by the breach of the contract. Neither fraud nor warranty entered into the case. If he still retained the machine, and the same could be repaired so as to work according to contract, then the measure of his damages would be the cost of the repair, which he would be entitled to have deducted from the note ; but if the plaintiff never refused to repair the machine, on request, or was never requested by the defendant to furnish a new one, the plaintiff would be entitled to recover on the note.

SAME.—*Conditional Sale.—Departure in Instructions.*—An instruction to the jury trying such case, treating the alleged contract for the exchange of such chattels as a conditional sale, was a departure, and erroneous.

INSTRUCTIONS.—*Must be relevant to the Issues.*—The instructions of the court to a jury trying a cause must be relevant to the issues therein.

From the Cass Circuit Court

*M. Winfield*, for appellant.

HOWK, J.—In this action, the appellant sued the appellee,

in a complaint of two paragraphs, each counting upon a promissory note executed by the appellee to the order of the appellant, and each alleged to be due and unpaid.

To the appellant's complaint, the appellee answered in four paragraphs, in substance as follows :

1. Payment in full before the commencement of this suit.

2. That the notes in suit were given without any consideration.

3. The appellee said, in answer to the second paragraph of the complaint, that he admitted the execution of the note set out in said paragraph, but said that the consideration thereof had wholly failed, in this, that at the time of the execution of said note, and as the consideration thereof, the appellee received from the appellant a certain sewing machine, which, the appellant said, was in good order and perfect in all its parts and machinery; that, if it did not do good work, the appellant would have it repaired and made to work properly and to the satisfaction of the appellee, or put in another machine of the same price and pattern, that would work right; that the machine was not properly constructed and was imperfect in its machinery, and that the appellant had failed and refused to have the same repaired or corrected ; that said machine was so imperfect as to be of no value at all for the purposes for which it was intended, and for which the appellee purchased it, and the appellant has refused to furnish the appellee a good machine in its place, as it agreed to do; that, at the time the appellee purchased said machine, he relied on the promises and representations of the appellant and its agent, that if the machine should not work properly, they would repair it or furnish the appellee another, which they had failed to do. Wherefore the appellee said, that the consideration for said note had wholly failed, and as to so much of its cause of action the appellant ought not to recover.

4. By way of counter-claim to the second paragraph of the complaint, the appellee admitted the execution of the note set out in said paragraph, and said that he was the owner of a Howe sewing machine, which was in good running order and of the value of fifty-five dollars; that the appellant, by its agent, was desirous of trading to the appellee a higher priced Howe machine, and did exchange machines with the appellee, taking from him the note in suit for the difference, which the appellant represented there was between the machines; that the appellant, by its agent, represented the machine received by appellee to be in good running order and perfect in all its parts; that, if it were not so, the appellant would have it fully repaired. and readjusted, so as to do any and all kinds of sewing for the appellee's family, or, if the machine could not be made to do good work, the appellant would take it away, and in its place give the appellee one of the same pattern and price, that would be in good order; that the appellant further agreed to furnish the appellee, as a part of the consideration of the trade, certain attachments, to wit, one embroider and tucker, of the value of seven dollars and fifty cents; that the appellee, relying upon the representations and promises of the appellant, that the machine was perfect and in good order, or, if not so, the appellant would cause it to be so made or furnish him another and good machine, and would furnish the aforesaid attachments, delivered to the appellant the machine he then had, and executed the note set out in the second paragraph of the complaint, and received from the appellant the high-priced machine; that said machine was so imperfect, that it did not then, nor had it since been repaired by the appellant so that it would, do any kind of sewing; that the appellee had often requested the appellant to have the machine repaired, and at one time sent it to the shop for that purpose, but that it was in no better order when it was returned, than when he sent it; that he had

notified the appellant, that the machine was not a perfect one and had requested the appellant to deliver him a perfect one, as agreed by the parties, which the appellant had failed and refused to do; that the appellant had never furnished the attachments, as agreed, although often requested so to do; that the machine furnished the appellee was of no value whatever; and that, by reason of the appellant's failure to fulfil its promises and agreements, the appellee had been damaged in the sum of seventy-five dollars, for which he demanded judgment.

To the appellee's answer, and each paragraph thereof, the appellant replied by a general denial. The issues joined were tried by a jury, and a general verdict was returned for the appellee, assessing his damages in the sum of thirty-two dollars and fifteen cents. With their general verdict, the jury also returned their special findings on particular questions of fact, submitted to them by the parties under the direction of the court; but, as no question is presented to this court in regard to the special findings, we need not set them out in this opinion.

The appellant's motions for a new trial, and in arrest of judgment, in the order named, having each been overruled, and its exceptions entered to these decisions, judgment was rendered for the appellee on the general verdict, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1. In overruling its motion for a new trial; and,

2. In overruling its motion in arrest of judgment.

We will first consider and decide the question presented by the second alleged error, namely, the sufficiency of the facts stated in the appellee's counter-claim to constitute a cause of action in his favor and against the appellant.

It is said that the " motion in arrest of judgment

reaches any defect in the pleadings not cured by the verdict or the statute of amendments, or waived by failing to demur." *Adamson* v. *Rose*, 30 Ind. 380. *Waugh* v. *Waugh*, 47 Ind. 580, and *Gander* v. *The State, ex rel.*, 50 Ind. 539.

The defect in the pleading complained of must, therefore, be a substantial defect, affecting materially the merits of the cause, and neither cured by the verdict nor waived by the failure to demur; or it will not be reached by a motion in arrest of judgment. In the case at bar, the argument of the appellant's counsel, in discussing the alleged insufficiency of the counter-claim, is founded and proceeds altogether upon a misapprehension of the facts stated therein. Counsel says, " There is no allegation of the value of either machine," and after stating that the counter-claim counted upon a " breach of contract," he enquires, " What would be the measure of damages under such considerations ? "

In his counter-claim, the appellee alleged in express terms, that his old machine was "of the value of fifty-five dollars," and that the new machine, which he received from the appellant, was " of no value whatever." Under these allegations, if sustained by the evidence, there certainly would be no difficulty in ascertaining the correct " measure of damages."

In our opinion, the court committed no error in overruling the appellant's motion in arrest of judgment.

The first alleged error calls in question the decision of the court in overruling the appellant's motion for a new trial. In this motion, there were assigned many causes for such new trial; but of these causes we will consider such only as the appellant's counsel has insisted upon, in his able and exhaustive brief of this case, as affording sufficient grounds for a new trial.

It is earnestly insisted that the court erred in giving the

jury, of its own motion, instruction No. 1, which instruction reads as follows :

" 1.   In one paragraph of his answer, the defendant has pleaded, by way of counter-claim, that the note sued on in the second paragraph of the complaint was given in part payment for a sewing machine, etc.; that there was a contract made, at the time of the execution of the note, between the plaintiff and himself, in reference to said machine, as to the price and terms of his acceptance thereof. It is for you to say from the evidence, whether the defendant accepted the machine from plaintiff unconditionally, or subject to conditions.   If you find from the evidence that defendant did not accept the machine, but only allowed it to be left with him for trial ; that he made trial thereof, and found it not to be perfect, as stated ; that he notified plaintiff of its imperfections ; made demand on the plaintiff to repair it, or to furnish him one according to contract, as charged in his counter-claim ; that they did not repair it, nor did they furnish him any other machine ; that they failed to remove the machine, but left it in the defendant's possession ; that defendant notified them to keep the terms of their contract, and refused to keep the machine because it was imperfect;—then you should find for the defendant as to the note sued on in the second paragraph of complaint ; and if you further find that plaintiff obtained a good machine, as charged in the counter-claim, from defendant, in part payment of the machine now in question, then you should apply the value of this machine against the note in the first paragraph of complaint ; and if there is a balance in favor of the defendant, you should find for him in that amount."

The objection urged by the appellant's counsel to this instruction is, that it is " clearly a departure from the pleadings.   No such case is made on paper, as that supposed.   The case made is not that of a conditional sale.   It

was an absolute sale or barter. The property in each machine passed to the respective parties. The defendant was the unconditional owner of the machine he got by the trade; could have sold, encumbered, or otherwise disposed of it as he pleased. In like manner, the appellant was the absolute owner of the machine it got in the trade. By the terms of the trade, the title in no event was ever to revert to Reber." We are clearly of the opinion, that the position of the appellant's counsel, on this point, is well taken. The instruction of the court to the jury was foreign to, and outside of, the case made by the pleadings. The rule of law is well settled, that the instructions of the court to the jury trying the cause must be relevant to the issues in the case. *Wallace* v. *Morgan*, 23 Ind. 399; *Evans* v. *Gallantine*, 57 Ind. 367; and *Terry* v. *Shively*, 64 Ind. 106.

At the proper time, the appellant asked the court to give the jury trying the cause the following instruction :

" 4th. The 3d [4th] paragraph of the answer is similar to the 2d [3d], except that it is pleaded as a counter-claim; no. warranty is alleged, nor any fraud, but simply a failure on the part of the plaintiff to comply with a contract which he alleges to exist, whereby the machine traded for had become worthless, and the defendant seeks to recover, as damages, the price of the machine given in exchange, and to defeat the note given for the difference. The plaintiff [defendant] is only entitled to recover, on this paragraph, the actual damage sustained by the breach. If you find that he still retains the machine for which he traded, and that the same could have been repaired so as to work according to contract, then his measure of damages would be simply the cost of such repairs, which he would be entitled to have deducted from the note. If you find, however, that the plaintiff has never refused to repair the machine, on request, or that the defendant never requested the plaintiff to furnish him a new one, then your verdict should be for the plaintiff, on this paragraph."

This instruction was refused by the court, upon the ground, as stated in the bill of exceptions, that it was "not the law." It seems to us, however, that the instruction contains a fair statement of the law applicable to the case made by the appellee's counter-claim and the issue joined thereon, and was pertinent to the appellant's evidence. Upon the appellant's contract, as stated in the counter-claim, and the alleged breach thereof, it is certain, we think, that this instruction contained the true rule of law for the measure of the appellee's damages. *Street* v. *Chapman*, 29 Ind. 142; *Booher* v. *Goldsborough*, 44 Ind. 490; and *Ferguson* v. *Hosier*, 58 Ind. 438.

In our opinion, the court erred in its refusal to give the jury this fourth instruction.

The appellant's counsel has also complained, in argument, of other rulings of the court alleged to be erroneous, and assigned as causes for a new trial; but, as these rulings may not occur on another trial, we do not deem it necessary for us now to consider or decide any question thereby presented.

For the reasons given, we think that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings in accordance with this opinion.