Beller *v.* The State.

---

No. 11,018.

BELLER *v.* THE STATE.

CRIMINAL LAW.—*Affidavit and Information.*—In a prosecution by affidavit and information, the omission of the name of the affiant in the body or commencement of the affidavit is not a sufficient reason for quashing the information, when it appears that the affiant's name is signed at the close of the affidavit, and that he was sworn to the matters stated therein.

OFFICE AND OFFICER.—*Court.*—Courts take notice of the names and official signatures of their officers.

INSTRUCTION.—*Evidence.*—*Presumption.*—An instruction, correct as a general statement of the law, will, in the absence of the evidence, be presumed to have been applicable to the evidence adduced. If a defendant desires a more specific instruction he must ask it.

From the Wayne Circuit Court.

Beller *v.* The State.

*W. A. Peelle* and *J. F. Robbins,* for appellant.

*F. T. Hord,* Attorney General, and *C. E. Shiveley,* Prosecuting Attorney, for the State.

ELLIOTT, J.—This is an appeal from a judgment of conviction upon an information charging the appellant with an assault and battery with intent to kill.

The affidavit upon which the information is based does not state in the commencement the name of the affiant, but his name is signed at the close, and it appears that he swore to the truth of the matters stated in it.  We do not think the omission to state the name of the affiant in the body or commencement of the affidavit is a ground for quashing the information.  It is clear that such an omission does not prejudice the substantial rights of appellant, and we can reverse only where it is made to appear that substantial rights have been prejudiced.   R. S. 1881, section 1756.

Courts take notice of the names and official signatures of their officers, and the trial court took notice, *ex officio,* that W. T. Noble was its clerk at the time the affidavit was sworn to, and that his signature is genuine. *Buell* v. *State,* 72 Ind. 523.

The second instruction given by the court reads as follows: "To convict the defendant of the felony charged, the State must prove beyond a reasonable doubt that at this county, within two years prior to filing the information, the defendant committed an assault and battery upon the person of Clark S. Baker, and that at the time of the assault and battery he intended to kill said Baker."

The evidence is not in the record, and we can not say that the instruction is incorrect; it may have been proper under the evidence adduced. We regard this instruction as a correct general statement of the law in a case which might well have been made under the issue, and it assumes to be no more. If the accused desired a more specific instruction, he should have asked it.   It is well settled that a case will not be reversed

where an instruction is correct in so far as it assumes to state a general rule; if a defendant desires a more specific instruction he must ask it.

Judgment affirmed.

Petition for a rehearing overruled.