The Louisville, New Albany and Chicago Railway Company v. Harrigan.

Filed March 26, 1884.

---

No. 11,139.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. HARRIGAN.

RAILROAD.—*Animals Killed.—Fencing.—Complaint.—Demurrer.*—In an action against a railroad company to recover the value of two horses belonging to the plaintiff, alleged to have been killed by the defendant's locomotive and train of cars, where the complaint charged, *inter alia,* "that the railroad of the defendant was not fenced at the place where said horses got on the track and where said horses were killed," the allegation as to the want of fences is sufficiently definite and certain on a. demurrer to the complaint for the want of facts.

BILL OF EXCEPTIONS.— *When Part of Record.—Filing.—Supreme Court.*— A bill of exceptions does not become a part of the record under section 629, R. S. 1881, until it has been filed; and, unless the transcript shows the filing of such bill, it cannot be considered by the Supreme Court as constituting a part of the record.

INSTRUCTIONS.—*Error in Giving or Refusing.—Record.—Evidence.—Supreme Court.*—In the absence of the evidence from the record, no available error can be predicated upon the instructions given, unless they are erroneous as mere abstract propositions of law, nor upon the instructions refused, for, even if they state the law correctly, the Supreme Court will presume they were properly refused as inapplicable to the case made by the evidence.

From the Parke Circuit Court.

*A. D. Thomas,* for appellant.

*G. W. Paul* and *J. E. Humphries,* for appellee.

HOWK, C. J.—This was a suit by the appellee to recover the value of two horses belonging to him, alleged to have been killed by the appellant's locomotive and train of cars at a place on the line of its railroad which was not securely fenced. This suit was commenced in the Montgomery Circuit Court and was there put at issue, when, upon the appellant's application, the venue of the cause was changed to the court below. There the issues joined were tried by a jury and a general verdict was returned for the appellee, assessing his damages in the sum of $300. Over the appellant's motion for a new trial judgment was rendered on the verdict.

In this court the appellant has assigned as errors the decisions of the circuit court (1) in overruling its demurrer to appellee's complaint, and (2) in overruling its motion for a new trial. Appellee's complaint originally contained two paragraphs, but before trial he withdrew the second paragraph, and the cause was tried below upon the issue joined on the first paragraph. The sufficiency of the first paragraph of complaint, therefore, is the only question presented for our decision by the first alleged error. In the first paragraph of his complaint the appellee alleged that on or about the 17th day of November, 1881, the appellant, by its agents and employees, was running and operating its line of railroad through Montgomery county; that the appellant, by its agents and employees, then and there ran its locomotive and train of cars upon and killed two horses belonging to the appellee, one of the value of $250, and the other of the value of $150; that both of said horses were so run upon and killed as aforesaid, in Montgomery county, without any fault or negligence of the appellee; "that the defendant has no fence on either side of said road at the place where said horses got on the track and where said horses were killed; that said defendant has no fence on either side of the said road where said horses were

killed; that the railroad of the defendant was not fenced at the place where said horses got on the track, and where said horses were killed;" that appellee was damaged by the killing of his horses in the sum of $400, which was due and unpaid. Wherefore, etc.

In discussing the sufficiency of appellee's complaint the appellant's counsel claims that the complaint is bad in this, that it fails to show that the railroad track was not securely fenced in at the time when and at the place where the appellee's horses entered upon such track. In the foregoing summary of the complaint we have quoted- literally, and placed within the usual quotation marks the averments in regard to time and place. It will be seen therefrom that so far as time is concerned, these averments can be construed as having reference only to the time of filing the complaint, with the exception of the last averment which, by the tense of the verb used, relates to some indefinite time in the past. The record of this cause shows that the complaint was filed and the suit commenced in the Montgomery Circuit Court, on the 26th day of December, 1881; and it was averred therein that the appellee's horses were run over and killed " on or about the 17th day of November, 1881," upon the appellant's railroad track by its locomotive and train of cars. The complaint speaks, as of the date of its filing in the proper court, or clerk's office of the court. Therefore, it is claimed by the appellant's counsel, that the averments in the complaint " that the defendant *has* no fence," etc., only show that the defendant had no fence on either side of its road, etc., at the time the complaint was filed on the 26th day of December, 1881, but utterly fail to show that the road was not securely fenced in when the appellee's horses were run over and killed on November 17th, 1881, some forty days before the filing of the complaint.

We are not fully convinced by this line of argument; but conceding, without deciding, that the averments last referred to are insufficient, we are of opinion that the last allegation,

literally quoted in our summary of the complaint, makes the pleading good at least as against a demurrer.thereto for the want of sufficient facts. This allegation was: "That the railroad of the defendant was not fenced at the place where said horses got on the track, and where said horses were killed." Appellant's learned counsel objects to this allegation on the ground that it is too indefinite and uncertain; but such an objection to a pleading, as we have often decided, can not be reached by a demurrer for the want of facts, and only by a motion to make the pleading or allegation more certain and specific. *Ohio, etc., R. W. Co. v. Collarn*, 73 Ind. 261 (38 Am. R. 134); *State, ex rel., v. Neff*, 74 Ind. 146; *Bryan v. Moore*, 81 Ind. 9.

The demurrer to the complaint was correctly overruled.

Under the alleged error of the trial court in overruling the motion for a new trial, the first question discussed.by the appellant's counsel relates to the sufficiency, or, as he claims, the insufficiency, of the evidence to sustain the verdict. Appellee's counsel insist, however, that the bill of exceptions, containing the evidence, is not properly in the record, for the reason that there is nothing in the record showing, or tending to show, that such bill had ever been filed. This point seems to be well made, and must be sustained. It is shown by the record that on the 8th day of May, 1883, the appellant's motion for a new trial was filed and overruled, and sixty days were then given to file bills of exception herein. There is in the record what purports to be a bill of exceptions, containing the evidence, which bill seems to have been signed by the judge, before whom the cause was tried, on the.30th day of June, 1883, and within the time given by the court. But there is no memorandum or file-mark, or recital of any kind, in the transcript before us which shows, or tends to show, that such bill of exceptions was filed in the trial court within the time given, or, indeed, at any time.

In section 629, R. S. 1881, it is provided that a bill of exceptions must be signed by the judge and " filed in the cause,"

The Louisville, New Albany and Chicago Railway Company v. Harrigan.

and " When so filed, it shall be a part of the record." In the recent case of *Loy* v. *Loy,* 90 Ind. 404, this precise question was under consideration, and it was there said : " Where time is given beyond the term in which to file a bill of exceptions, and it appears that the bill was presented to and signed by the judge within the time limited, the record must show, in some manner, that the bill was filed, or it can not be considered in this court as constituting a part of the record of the cause." In the case at bar, therefore, it must be held that the evidence given on the trial is not a part of the record.

Appellant's counsel next complains in argument of the instructions of the court to the jury, and, also, of the court's refusal to give the jury other instructions at the appellant's request. All these instructions, as well those refused as those given, were made part of the record by bill of exceptions, filed in time and properly in the transcript. In the absence of the evidence from the record, however, we can not say that the court erred, either in giving or in refusing to give instructions to the jury. None of those given seem to be erroneous, as mere abstract propositions of law; and, in the condition of the record, it can not be said that they were not applicable to the case made by the evidence. Nor can it be said that the court erred in its refusal to give the instructions asked for by the appellant; for, if it be conceded that the instruction asked for stated the law correctly, yet, in the state of the record, we are bound to conclude that they were properly refused, because they were inapplicable to the case shown by the evidence; in other words, the record of this cause fails to show that the trial court erred in any of the rulings complained of by the appellant, and, in the absence of such a showing, it is conclusively presumed by this court that such rulings were not erroneous. *Myers* v. *Murphy,* 60 Ind. 282; *Bowen* v. *Pollard,* 71 Ind. 177; *Loy* v. *Loy, supra.*

The judgment is affirmed, with costs.

Filed Feb. 12, 1884. Petition for a rehearing overruled March 26, 1884.