Filed Sept. 27, 1884.

———————◆———————

No. 10,851.

CARTWRIGHT v. YAW.

REAL ESTATE, ACTION TO RECOVER.—*Assignment of Chose in Action.*—*Parties.*—The statute which requires the assignor of a chose in action, without endorsement, to be made a party to answer as to the transfer and his interest therein, does not apply to actions for the possession of real estate and damages for its detention.

SAME.—*Pleading.*—*Cross Complaint.*—*Demurrer.*—*Trespass.*—A cross complaint is not bad on demurrer for charging a trespass sounding in tort, where each party, the plaintiff in his complaint and the defendant in his cross complaint, charges the other with wrongful acts in taking possession of the same real estate, and each sues for possession of the same real estate and damages for its detention.

SUPREME COURT.—*Practice.*—*Bill of Exceptions.*—*Sufficiency of Evidence.*—*Instructions.*—Where the bill of exceptions in the record does not show that it contains all the evidence, the Supreme Court can not decide as to its sufficiency, nor consider the instructions asked or given, unless the instructions given are such as would be erroneous under any supposable state of the evidence.

From the Allen Circuit Court.

*J. Q. Stratton* and *I. Stratton,* for appellant.

*L. M. Ninde,* for appellee.

FRANKLIN, C.—Appellant commenced this action against appellee to recover possession of certain real estate.

Appellee filed an answer in denial, a counter-claim and

cross complaint, setting up a parol lease for one year to the premises, averring an eviction by the plaintiff, and praying for possession and damages for detention.

Demurrers to the counter-claim and cross complaint were overruled. There was a trial by jury, a verdict returned, motions for a new trial and in arrest of judgment, made by the plaintiff, were overruled, and judgment was rendered for the defendant.

The errors assigned are, overruling appellant's motion to strike out the counter-claim and cross complaint, overruling the demurrers to the counter-claim and cross complaint, and overruling appellant's motions for a new trial and in arrest of judgment.

The first and last specifications are not referred to in appellant's brief, and are therefore considered as waived.

The first objection to the counter-claim and cross complaint is, that they show that the lease therein named was made with defendant and one Mills, and although they aver that Mills had transferred all his interest in the lease to defendant, Yaw, still he should have been made a defendant to the counter-claim and cross complaint, to answer as to the transfer and his interest in the subject-matter.

The statute which requires the assignor of a chose in action, without endorsement, to be made a party to answer as to the transfer and his interest therein, does not apply to actions for the possession of real estate, and damages for the detention thereof. Mills was out of possession and was not asserting any claim to or interest in the land. The plaintiff did not make him a defendant in his complaint; and when defendant, in his counter-claim and cross complaint, showed that Mills had transferred all his interest in the lease to the defendant, there was no necessity for making Mills a defendant to the cross complaint.

A further objection to the counter-claim and cross complaint is, that they charge a trespass sounding in tort, and that is not admissible in an action for the possession of real

estate. Although the lease was joint, the cross action was not upon the lease, but for possession of the land. They do not charge a tort any more than the complaint does. The plaintiff and the defendant each charge the other with wrongful acts, but in the action and cross action each sues the other for possession of the same real estate, and damages for its detention. There was no error in overruling the demurrers to the counter-claim and cross complaint.

Under the motion for a new trial appellant only discusses the sufficiency of the evidence, and the instructions of the court to the jury.

The record contains a bill of exceptions purporting to include some evidence, but it nowhere shows that it embraces all the evidence given upon the trial of the cause. Without all the evidence, we can not decide as to its sufficiency. And without the evidence, we can not consider the instructions asked or given, unless the instructions given are such as would be erroneous under any supposable state of the evidence, and none such have been pointed out. There is no question properly presented to us under the motion for a new trial. The judgment ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

