Filed Sept. 17, 1890.

---

No. 14,363.

RAPP *v.* KESTER ET AL.

PRACTICE.—*Rulings of Trial Court.—Presumption in Favor of.—Supreme Court. —Affirmance of Judgment.*—Every presumption in favor of the correctness of the ruling of the trial court will be indulged by the Supreme Court, and unless the record affirmatively discloses an error of which complaint is made, the judgment from which the appeal is prosecuted will be affirmed.

INSTRUCTIONS TO JURY.—*Evidence not in Record.—Rules that Govern.*—Where the evidence is not in the record, a cause will not be reversed for giving to the jury an instruction which would be correct under any evidence that could have been admitted under the issues in the cause. If, however, the instructions are in themselves radically wrong, under any state of facts that could have been proven under the issues in the cause, and direct the minds of the jury to an improper basis on which to place their verdict, the cause will be reversed though the evidence is not in the record.

SAME.—*Counter-Claim Pleading a Warranty.—Instruction Enlarging Terms
of Warranty.—Cause for Reversal.*—In an action on certain promissory
notes and to foreclose a mortgage executed to secure the same, the de-
fendant filed a counter-claim alleging that the payee of the notes war-
ranted the boilers which constituted a part of their consideration, to be
sound, perfect, and in good condition, except one small leak in the end
of one of them. The court instructed the jury, in substance, that the
defendant must not only prove these allegations, in order to succeed, but
that he must prove in addition thereto that the payee warranted the
boiler and machinery to be capable of performing the work of the mill
to its full capacity.

*Held,* that the above instruction was erroneous, and although the evidence
was not in the record, the cause should be reversed for the giving of it,
since it could not be correct under any evidence that was admissible
under the issues in the cause. A party is never compelled to prove
more than he alleges in a good complaint, or answer, in order to
succeed.

From the Vigo Circuit Court.

*G. W. Kleiser* and *J. H. Kleiser,* for appellant.

*J. E. Piety* and *J. P. Stunkard,* for appellees.

COFFEY, J.—This was an action by the appellees against
the appellant on three several promissory notes executed by
the appellant to Zachara T. Kester, and assigned by him to
the appellees ; and to foreclose a mortgage on certain de-
scribed real estate in Vigo county, executed to secure the
payment of said notes.

The appellant filed a counter-claim, in two paragraphs.
The first paragraph alleges that the notes in suit were exe-
cuted for the balance of the purchase-price of the property
described in the mortgage, and that the appellant was in-
duced to purchase said property and execute said notes by
means of certain false and fraudulent representations made
to the appellant by the payee of said notes as to the condi-
tion of said property, setting out the representations alleged
to be false and fraudulent.

The second paragraph of the counter-claim alleges that
the notes in suit were executed by the appellant to the payee
thereof for the balance of the purchase-price of the property

described in the mortgage, which consisted of a steam flour-
ing mill and the real estate upon which it is situated ; that
the payee of said notes warranted the boilers in said mill to
be sound, perfect and in good condition, except one small
leak in the end of one of said boilers ; that said boilers were
unsound and in bad condition, being worn, rusted, burnt
out, and otherwise damaged, so that they leaked in many
places and could not be effectually repaired ; that said boil-
ers, in their condition at the time of said purchase, were
worth one hundred dollars only, when if they had been in
the condition as warranted they would have been worth fifteen
hundred dollars.

Upon issues formed the cause was tried by a jury, result-
ing in a verdict in favor of the appellees for the full amount
of the notes, upon which the court rendered judgment and
entered a decree of foreclosure.

The only error assigned here calls in question the correct-
ness of the ruling of the circuit court in overruling the mo-
tion for a new trial.

One of the causes assigned for a new trial was that the
court erred in giving to the jury instruction numbered two.
So much of the instruction as the appellant claims to be er-
roneous is as follows :

" It is the duty of the defendant to prove by a preponder-
ance of the evidence that Zachara T. Kester * * war-
ranted said machinery and boilers in the mill to be sound
and in good condition except one leak in the south boiler,
and capable of performing the work of the mill to its fullest
capacity, * * and if the defendant Rapp fails to establish
by a preponderance (of the evidence) that Zachara T. Kester
warranted said machinery and boilers to be sound and in good
condition except one leak in the south boiler, and capable
of performing the work of the mill to its full capacity, then
the jury should find for the plaintiff."

The evidence in the cause is not in the record, but it is

contended by the appellant that this instruction is erroneous when applied to any case that could have been made by the evidence in the cause. The objection urged to the instruction is that it required the jury to find much more than was alleged in the counter-claim before it could find for the appellant; that the counter-claim alleged a warranty of the boilers, and the instruction required the jury to find that Zachara T. Kester warranted the machinery and boilers except one leak in the south boiler, and that it was capable of performing the work of the mill to its full capacity.

Every presumption in favor of the correctness of the ruling of the trial court is indulged in by this court, and unless the record affirmatively discloses an error of which complaint is made, the judgment from which the appeal is prosecuted will be affirmed. *Davis* v. *Perry*, 41 Ind. 305 ; *Crowell* v. *City of Peru*, 41 Ind. 308 ; *Myers* v. *Murphy*, 60 Ind. 282 ; *Bowen* v. *Pollard*, 71 Ind. 177.

For this reason it has been repeatedly held that where the evidence is not in the record a cause will not be reversed for giving to the jury an instruction which would be correct under any evidence that could have been admitted under the issues in the cause. *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245 ; *Conden* v. *Morningstar*, 4 Ind. 150 ; *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423 ; *Beller* v. *State*, 90 Ind. 448 ; *Cartwright* v. *Yaw*, 100 Ind. 119 ; *Smith* v. *Stanford*, 62 Ind. 392 ; *Estate of Wells* v. *Wells*, 71 Ind. 509.

It is held, however, that if the instructions are in themselves radically wrong under any state of facts that could have been proven under the issues in the cause, and direct the minds of the jury to an improper basis on which to place their verdict, the cause will be reversed though the evidence is not in the record. *Murray* v. *Fry*, 6 Ind. 371 ; *Lindley* v. *Dempsey*, 45 Ind. 246 ; *Evans* v. *Gallantine*, 57 Ind. 367 ; *Terry* v. *Shively*, 64 Ind. 106.

With some reluctance we have reached the conclusion that

this cause should be reversed on account of the error committed by the court in giving the above instruction.

It can never be true, as a legal proposition, that a party is compelled to prove more than he alleges in a good complaint, or answer, in order to succeed.

In this case the appellant alleged, in his counter-claim, that the payee of the notes warranted the boilers, which constituted a part of their consideration, to be sound, perfect, and in good condition, except one small leak in the end of one of them; but the jury are told in the instruction before us, in substance, that he must not only prove these allegations, in order to succeed, but that he must prove in addition thereto that the boilers and machinery were capable of performing the work of the mill to its fullest capacity.

Had the proof shown that the warranty was as assumed, still the instruction would have been erroneous, for the jury may have believed the evidence so far as it sustained the allegations in the counter-claim, and may have disbelieved it as to the matter embraced in the instruction, and not embraced in the issues in the cause.

Instructions must be relevant to the issues in the cause. *Howe Machine Co.* v. *Reber*, 66 Ind. 498; *Terry* v. *Shively*, *supra.*

For the error above indicated the judgment is reversed, with directions to grant a new trial.

Filed Sept. 17, 1890.