## DOWNING v. STATE.

APPEAL AND ERROR—DISMISSAL—BILL OF EXCEPTIONS—CONSIDERATION OF ERROR IN INSTRUCTIONS WITHOUT THE EVIDENCE.

1. Although the evidence is not brought into the bill of exceptions, error assigned upon the instructions given may be considered so far as to determine whether they would be correct under any state of facts that could have been proven under the issue in the cause.

2. A cause will not be dismissed on the ground that the evidence is not brought into the bill of exceptions, where some of the errors assigned relate to the instructions, and they are claimed to be erroneous upon any state of facts that could have been proven in the cause under the issues, since for the purpose of determining that question the judgment may be reviewed.

[Decided June 25, 1902.]

ERROR to the District Court, Carbon County, HON. RICHARD H. SCOTT, Judge of the First District, presiding.

George W. Downing was indicted and tried for the crime of murder in the first degree, found guilty of murder in the second degree, and sentenced to the penitentiary for the term of twenty-five years. He filed his petition in error for a

review of the judgment. The State moved a dismissal of the proceedings in error on the ground that the bill of exceptions did not contain the evidence. Heard on the motion.

*J. A. Van Orsdel,* Attorney General, for the State, contended that there was nothing for this court to review in the absence of the evidence, and urged a dismissal of the case, citing Miller v. State, 3 Wyo., 658.

*N. E. Corthell* and *Thomas H. Gibson,* for plaintiff in error, *contra.*

"Error of law occurring at the trial," affecting the substantial rights of the party aggrieved, is a good cause for a new trial. (R. S., Sec. 5415.) A motion for a new trial, which presents such a question, is not addressed to the discretion of the court, but *every such error* can be fully presented for review in this court by stating it as a cause for a new trial in the motion for a new trial. (U. S. v. Trabing, 3 Wyo., 144.)

Though the evidence is not in the record, judgment will be reviewed if an instruction complained of would not be correct under any evidence that might have been given under the issues, because the errors complained of in such cases clearly relate to matters of law alone, and to incorporate the evidence would only encumber the record, tend to confusion and cause unnecessary expense. (Rapp v. Kester, 125 Ind., 79; Wenning v. Teeple, 144 id., 189; Lindley v. Dempsey, 45 id., 246; Palmer v. Wright, 58 id., 486; Murphy v. Johnson, 45 Ia., 57; Steveson v. Greenleaf, 15 id., 96; Warbasse v. Card, 74 id., 306; Roberts v. Wolfe, 1 Dana, 155; Heaverin v. Otter, 5 Ky. L. Rep., 180; L. & N. R. Co. v. Cambron, 6 id., 369; People v. Levison, 16 Cal., 98; People v. Long, 39 id., 694; Schmidt v. Chicago, &c., 83 Ill., 405; Willis v. State, 27 Neb., 98; Peden v. Moore, 1 Stew. & P., 71; Tharp v. State, 15 Ala., 749; Pennock v. Dialogue, 2 Pet., 1.)

The bill of exceptions is sufficient upon which to predicate error, in the absence of the testimony adduced at the trial,

because, "in general, the evidence is not regarded as part of the record proper in cases where the search is made for the purpose of determining whether a manifestly wrong ruling worked harm." Elliott App. Proc., Sec. 653.)

The doctrine laid down in the case of Miller v. State, 3 Wyo., 663, cannot be construed to mean more than "that it is never the right of a party to demand a new trial in any case, civil or criminal, on account of error in the instructions to the jury, where it is clear from the evidence that the verdict is right, and that a new trial ought to produce the same result, or would under correct instructions certainly produce the same result," because: (1) The evidence was in the record in this case, and the opinion states that it was such a case as described above. (2) The authority of the language used must necessarily be confined to cases similar to the one upon which the opinion is based. That case did not call for an opinion upon a case where the evidence was not preserved in the record; it did not call forth comment from the court upon such a case, consequently it is not authority upon the proposition presented by this motion. (Wright v. Nagle, 101 U. S., 791 ; Cohens v. Virginia, 6 Wheat., 264.) (3) The opinion admits the very principle for which we contend, i. e., that in its proper application, the principle that "error in the instructions will be presumed to be prejudicial," is a correct one. (2 Thompson on Trials, Secs. 2406, 2246; Elliott App. Proc., Sec. 643.)

That an erroneous instruction will be presumed to have been corrected by other instructions, if all the instructions are not in the record, is applicable to this case, we deny, because: (1) The certificate of the judge states: "And the foregoing were, together with the instructions, set forth in the motion for a new trial, all of the instructions given or refused in the trial of said cause." (2) A fatally erroneous instruction can only be cured by expressly withdrawing it from the jury, as a correct instruction would be inconsistent with the erroneous one and cause for reversal. (Wenning v. Teeple, 144 Ind., 189; Ross v. State, 8 Wyo., 387; R. S., Sec. 3644.)

Knight, Justice.

Defendant in error moves the court to dismiss the appeal in this case, for the reason that the bill of exceptions does not contain the testimony adduced on the trial of said case, or any part thereof, and is, therefore, insufficient upon which to predicate error in this court. Counsel for defendant in error to support his motion aforesaid relies upon the judgment of this court announced in Miller v. State, 3 Wyo., 658, where this language is found: "The rule as to reversing judgments on account of erroneous instructions to the jury, by this court, and stated by Thompson on Trials as the rule of nearly all the courts, is 'that no judgment will be reversed on account of the giving of erroneous instructions unless it appear probable that the jury were misled by them.' And, again, 'of course, it can never be said that the jury were misled by the giving of erroneous instructions where they have reached the correct result by their verdict. Accordingly it is the practice of most of the courts, before passing upon exceptions to instructions, to look into the evidence and see if the verdict was right; and, if it is found to be so, the court will look no further.' (2 Thomp. Trials, Secs. 2401, 2402, and authorities there cited.) This rule is sustained by very numerous authorities of the highest respectability. Some courts say that the doctrine of error without prejudice does not apply to the same extent in criminal as in civil cases, and some courts hold that error in the instructions will be presumed to be prejudicial. Admitting, without discussing or deciding either point, that both these restrictions of the rule are correct in their proper application, it may safely be said that it is never the right of a party to demand a new trial in any case, civil or criminal, on account of error in the instructions to the jury, where it is clear from the evidence that the verdict is right, and that a new trial ought to produce the same result, or would, under correct instructions, certainly produce the same result."

In opposition to the motion to dismiss this appeal counsel for plaintiff in error contend: "Though the evidence is not

in the record, judgment will be reviewed if an instruction complained of would not be correct under any evidence that might have been given under the issues; because the errors complained of in such cases clearly relate to matters of law alone, and to incorporate the evidence would only encumber the record, tend to confusion and cause unnecessary expense." And in support of this said contention several authorities are cited, among them being Rapp v. Kester, 125 Ind., 79; Wenning v. Teeple, 144 Ind., 189; Lindley v. Dempsey, 45 Ind., 246; Palmer v. Wright, 58 Ind., 486. And in the case of Rapp v. Kester, *supra,* after stating in substance as is contended, we find the following language: "Every presumption in favor of the correctness of the ruling of the trial court is indulged in by this court, and unless the record affirmatively discloses an error of which complaint is made, the judgment from which the appeal is prosecuted will be affirmed." (Davis v. Perry, 41 Ind., 305; Crowell v. City of Peru, 41 Ind., 308; Myers v. Murphy, 60 Ind., 282; Brown v. Pollard, 71 Ind., 177.)

For this reason it has been repeatedly held that when the evidence is not in the record a cause will not be reversed for giving to the jury an instruction which would be correct under any evidence that could have been admitted under the issues in the cause. (Louisville, &c., R. R. Co. v. Harrigan, 94 Ind., 245; Conden v. Morningstar, 4 Ind., 150; Drinkout v. Eagle Machine Works, 90 Ind., 423; Beller v. State, 90 Ind., 448; Cartwright v. Yaw, 100 Ind., 119; Smith v. Stanford, 62 Ind., 392; Estate of Wells v. Wells, 71 Ind., 509.) It is held, however, that if the instructions are in themselves radically wrong under any state of facts that could have been proven under the issues in the cause, and direct the minds of jury to an improper basis on which to place their verdict, the cause will be reversed, though the evidence is not in the record. (Murray v. Fry, 6 Ind., 371; Lindley v. Dempsey, 45 Ind., 246; Evans v. Gallantine, 57 Ind., 367; Terry v. Shively, 64 Ind., 106.)

In Wenning et al. v. Teeple et al., 144 Ind., 189, the above

case is affirmed. Chief Justice Waite of the Supreme Court of the United States, in Jones v. Buckell, 104 U. S., 554, makes use of the following language: "As long ago as Dunlop v. Munroe, 7 Cranch, 242, 270, it was said by this court that 'each bill of exceptions must be considered as presenting a distinct and substantive case; and it is on the evidence stated in itself alone that the court is to decide.' Of course, evidence may be included in a bill of exceptions by appropriate reference to other parts of the record, and if that had been done here it might have been enough. But with no issue made directly by the pleadings, and no evidence set forth or referred to in the bill of exceptions showing the materiality of the charge complained of, the case presents to us only an abstract proposition of law, which may or may not have been stated by the court in a way to be injurious to the plaintiffs in error. Such a proposition we are not required to consider."

The claim made by counsel for plaintiff in error in his argument before this court was in substance the same as the language used by Chief Justice Seevers in Murphy v. Johnson, 45 Iowa, 57: "The errors assigned relate solely to the instructions given and refused, and it is objected by the appellee that no part of the evidence is properly before us, and that, therefore, we cannot pass upon the pertinency of the instructions or determine they are erroneous. This does not necessarily follow, for if, under no possible view that can be taken do the instructions embody correct propositions of law, when applied to the issues presented by the pleadings, and if, on the contrary, they are clearly erroneous, then we not only have the power, but it is our duty, to pass upon and determine the questions presented." (Stevenson v. Greenlee, 15 Iowa, 96.)

Counsel for plaintiff has claimed more for his record before us for review, but the errors assigned upon the instructions entitle this record to our consideration, the same as indicated in Murphy v. Johnson, *supra,* and the motion to dismiss this appeal is denied.        *Motion to dismiss denied.*

POTTER, C. J., and CORN, J., concur.